GEORGE W. IRBY, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

On the trial of I., an infant of the age of fourteen years, for the murder of Norton, the proof showed that the deceased and the father of the accused were engaged in a common fist fight, no weapons being used on either side, and while a person, the brother-in-law of the accused, was in the act of separating the parties, the accused shot down the deceased without any apparent necessity: *Held*, that these facts were sufficient to sustain the verdict of voluntary manslaughter rendered by the jury.

Indictment for murder, in Fulton Superior Court.   Tried before Judge BULL, at the October Term, 1861.

This was an indictment against George W. Irby, for the murder of Henry Norton, in the county of Fulton, on the 25th of December, 1856.

The principal facts and circumstances attending the homicide are as follows :

On the 25th of December, 1856, quite a crowd of persons were assembled at a place called Buckhead, in the county of Fulton.   The crowd were drinking, shooting powder guns, and shooting at chickens for sport.   Late in the day Henry Norton and Henry Irby, the father of prisoner, commenced disputing and quarreling about the chances in a raffle for a basket.   Norton asked Henry Irby to pay in the money for his chance in the raffle.   Irby said he had paid in his money, and from this the dispute waxed warm, until Norton gave Henry Irby the damned lie twice.   The parties came together for a fight, neither having weapons.   Norton struck Henry Irby twice with his fist, and knocked him against a post of the piazza of a grocery, and Henry Irby had Norton by the throat and Norton had Henry Irby by the hair, and was pulling him along out of the piazza of the grocery.   A man by the name of Simpson walked up to the combatants with a double-barreled gun drawn, the muzzle being in his hands and the breech upward, in a striking position.   Simpson approached the combatants on that side next to Henry Irby, but did not strike or attempt to strike,

Irby *vs.* The State of Georgia.

though near enough to do so.   A Mr. Hicks, the son-in-law
of Henry Irby, took hold of him for the purpose of sepa-
rating the combatants, and requested others to aid him in
parting them.   At this point of time George W. Irby, the
prisoner, came running up to the crowd where the fight was
going on, drew a pistol and fired it at Norton, the ball enter-
ing the left side of his head, in the edge of the hair.   Norton
died of the wound in a few minutes.   Norton and Henry
Irby were friendly up to the time of the fight, and Norton
was living upon the land of Henry Irby at the time of the
difficulty.   Norton and the prisoner were also friendly up to
the time of the difficulty.   The prisoner was a lad, some
thirteen or fourteen years old.   Norton was a quarrelsome,
violent man when drinking, and was drinking on that day.

Under this testimony the jury on the trial returned a
verdict against the prisoner of "guilty of voluntary man-
slaughter."

Counsel for defendant moved for a new trial of the case
on the grounds :

1st.  Because James V. White, one of the jurors who tried
the case, was one of the grand jury who found the bill of
indictment against the prisoner, which fact was unknown to
defendant or his counsel until after he was sworn in chief as
a juror to try the case; counsel for defendant admitting that
after he was sworn in chief, and before the jury was made
up, they ascertained the fact that he was one of the grand
jurors who found the bill of indictment true.

2d.  Because Samuel W. Hardy, one of the jurors sworn
to try the case, separated from the balance of the jury on
the night of the first day of the trial, and after the Court
had adjourned, and remained so separated for a considerable
time without being in charge of any officer of the Court.

3d.  Because the verdict was contrary to law and contrary
to evidence.

In support of the second ground of the motion, the sepa-
ration of the juror, Hardy, from his fellow-jurors, was shown,
but it appeared from Hardy's affidavit, that the separation
was occasioned by his stepping aside necessarily, and that he

Irby *vs.* The State of Georgia.

spoke to no one, nor no one spoke to him about the case, nor did he speak to any one about the case during the trial, except his fellow-jurors.

The presiding Judge refused the new trial, and the defendant assigns such refusal as error.

GLENN, CALHOUN, and GARTRELL, for plaintiff in error.

Solicitor General N. J. HAMMOND, *contra.*

*By the Court.*—LYON, J., delivering the opinion.

Our compassion and sympathy have been greatly excited in favor of the accused. He is, although of sufficient age to be legally responsible for violations of the law, yet but a mere child, and the homicide committed by him was done in defence of his father. These facts, together with the earnest and eloquent appeal of his able and zealous counsel, induced us to look closely into the record, with the hope that we might find something that would justify us in sending the case back, so that he might have another chance before the country. But with all our prepossessions and anxiety in his favor we have been unable to do so. His father and the deceased were engaged in a common fist fight, no weapons were being used or threatened on either side, and while so engaged, a brother-in-law of the prisoner actually having hold of his father, trying to separate them, the bystanders not otherwise interfering or attempting to do so, the prisoner ran up and shot down his father's antagonist, without a note of warning and without the slightest necessity for so doing. The verdict was as mild as the jury could conscientiously have made it.

Let the judgment be affirmed.