DAN CICERO, plaintiff in error, *vs*. THE STATE OF GEORGIA, defendant in error.

1. The evidence of the committing magistrate to the effect that he examined the defendant when brought before him to ascertain if he would make contradictory statements, and giving such statements, was inadmissible.

2. A magistrate has no right to examine a defendant for the purpose of obtaining from him contradictory statements. If the defendant desired to make a statement, it was the duty of such officer to reduce it to writing and to return it to the superior court. Such paper would be the highest evidence of what such statements were.

3. Where the defendant was on trial for the offense of assault with intent to murder, and there was evidence tending to show that had death ensued he would not have been guilty of murder, the court should charge on the subject of manslaughter and justifiable homicide.

4. It was error to charge "that law writers say that a chain of circumstances cannot lie whilst a witness may," because it was calculated to impress on the minds of the jury that the defendant's witnesses had sworn falsely.

Criminal law. Commitment. Justice of the Peace. Evidence. Assault with intent to murder. Charge of Court. Before Judge STROZER. Mitchell Superior Court. November Term, 1874.

This case is reported in the decision.

DAVIS & LYON, by R. F. LYON, for plaintiff in error.

B. B. BOWER, solicitor general, for the state.

WARNER, Chief Justice.

The defendant was indicted for the offense of an assault with intent to murder, and on the trial therefor was found guilty by the jury. A motion was made for a new trial on the grounds that the verdict was contrary to law, contrary to the evidence, and without evidence to sustain it; because the court erred in admitting the evidence of the committing magistrate over the objection of defendant, that on the commitment trial before him he examined the defendant, who stated at first "that he was in his house *cooking* some bread for for his children when the gun fired, and when the justice told him to tell it over again, to see if he would tell the same story, when defendant said he was in his house *breaking* bread and dividing it out among his children when the gun fired;" because the court erred in not charging the jury as to any other grade of homicide but that of murder; because the court erred in its charge to the jury, after stating that where there is a chain of circumstances that point to a fact, and one witness swears positively to the contrary, that they could determine which they would believe, added, "but that law wri-

ters say that a chain of circumstances cannot lie, whilst a witness may." It appears from the evidence in the record that the prosecutor, hearing his dogs bark in the early part of the night as if after some one, got up and went out of the house, heard some one running, set the dogs on them, and run after them fifty or one hundred yards, when some one shot at him—defendant lived three or four hundred yards from prosecutor—found tracks which corresponded in size with defendant's tracks; about an hour and a half after the gun fired, prosecutor and others got a light and went in the direction of where the gun was fired, and some one said put out that light, and recognized it to be the defendant by his voice. A witness for the defendant stated that he was at the house of defendant that night about the time of the alleged firing of the gun, heard a pistol shot, and defendant was in his house at that time.

1, 2. The admission of the evidence of the committing justice, was error, for two reasons: First, because the justice had no legal right to examine the defendant as he did for the purpose of obtaining from him contradictory statements. The justice had only the legal right to allow the defendant to make his statement, not under oath, if he desired to do so, but did not have the right to act as an *inquisitor*, to entrap the defendant. If the defendant desired to make a *voluntary* statement, and did so, then it was the duty of the justice to reduce it to writing, and have returned it to court with the other papers: Code, 4733. Second, inasmuch as the justice is required to reduce the defendant's statement to writing, the legal presumption is that he did so, which would have been the highest and best evidence as to what the defendant did state, unless it had been made to appear that it was not reduced to writing, or had been lost or destroyed, which was not pretended in this case.

3. To make out the offense charged in the indictment the assault must have been made on the person of the prosecutor under such circumstances as if death had ensued it would have been murder. Assuming that the evidence identifies the

defendant as the person who fired the gun, (which is not at all certain) it would not necessarily follow that if death had ensued that he would have been guilty of murder.   The prosecutor was pursuing the defendant along a road or path, with dogs, setting them on him.   Was the gun fired at the prosecutor or the dogs?   Although it was in the early part of the night, it was dark.   In view of the evidence in the record, the court should have charged the jury the law in relation to the other grades of homicide, instead of saying, in the hearing of the jury, "that has nothing to do with it."

4. It was error in the court to tell the jury, "that law writers say that a chain of circumstances cannot lie, whilst a witness may," because it was calculated to impress on the minds of the jury that the defendant's witness had sworn falsely, and therefore should not be believed.   It is the duty of the court to charge the jury as to the law applicable to the facts of the case, and leave it to them to judge of the credibility of the witnesses, without any disparagement of them by the court, directly or indirectly.   Under the evidence in this record, when taken in connection with the errors of the court at the trial, we reverse the judgment of the court below and order a new trial.

Judgment reversed.