OLIVER *v.* THE STATE.          94   83
                                97   426

A statement made by the accused upon his commitment trial is admissible against him upon his trial in the superior court, but when such statement has been reduced to writing as required by law, the writing is the highest and best evidence of what the accused did state. The presumption being that the magistrate did his duty and reduced the statement to writing, parol evidence as to what the accused stated is, in the absence of proof that the statement was not in fact reduced to writing, or that the same has been lost or destroyed, inadmissible.

June 4, 1894.

Indictment for rape. Before Judge BARTLETT. Houston superior court. April term, 1894.

W. B. DEW, by brief, for plaintiff in error.

J. M. TERRELL, attorney-general, and W. H. FELTON, Jr., solicitor-general, *contra.*

LUMPKIN, Justice.

There is but one question of law in this case requiring notice at our hands. One of the grounds of the motion for a new trial alleged that the court erred in admitting, over the objection of counsel for the accused,

the testimony of one Davis as to what the prisoner stated on his commitment trial, "it not having been shown that the written statement was lost, and it being presumed that the statement was put in writing."

There can be no doubt that a statement made by the accused upon his commitment trial is admissible against him upon his trial in chief. *Dumas* v. *The State*, 63 *Ga.* 600. But when such statement has been reduced to writing, as the law requires, the writing is the highest and best evidence of what the accused did state. It being the duty of the committing magistrate (Code, §4733) to reduce the statement to writing, it will be presumed, in the absence of any proof to the contrary, that he did so; and therefore, unless it be shown that the statement was not in fact reduced to writing, or that the same has been lost or destroyed, parol evidence as to what the accused stated is inadmissible. This court has decided definitely that when the magistrate has reduced the statement to writing, that paper is the highest and best evidence as to what the statement was. *Cicero* v. *The State*, 54 *Ga.* 156; *Daniel* v. *The State*, 65 *Ga.* 199. These rulings are distinctly supported by the text of Whart. Cr. Ev. (9th ed.) §667. The author says: "Where the prisoner voluntarily confesses before the examining magistrate, and where it is the duty of the latter to take the examination in writing, when such is done, the writing alone, if producible, is evidence of the confession, and the writing cannot be varied by parol proof"; citing numerous authorities, among them Rex *v.* Jacobs, 1 Leach, Cr. Law, 309, in which it was held that: "Parol evidence cannot be given of the examination of prisoners taken before the magistrate; for it must be intended that it was put in writing, as the law requires." See, also, the note to this case on page 310. Also, 1 Taylor on Ev. §399, in which it is laid down that: "Parol evidence cannot be received of the statement of

a prisoner before the magistrate, where the examination has, in conformity with [the statute], been reduced into writing, and subscribed, and returned by the justice." So we think the law is well settled, both as to the presumption that the magistrate did his duty in reducing the statement to writing, and that, in such case, the writing itself is the highest and best evidence of the prisoner's statement.

We very readily grant a new trial in this case because, under the evidence, the conviction was, to say the least, of exceedingly doubtful propriety. In this we all agree. Speaking for myself only, I do not hesitate to declare positively that, in my opinion, the verdict of guilty was manifestly wrong, and under the evidence it ought never to have been rendered.　　*Judgment reversed.*