SHEFFIELD v. THE STATE.

*Simmons, C. J.*—1. A ground of a motion for a new trial alleging
error in admitting the testimony of a named witness "as set
out in the brief of evidence," is fatally defective, for the reason
that it fails to set forth the testimony to which it refers.

2. The evidence, though not of the strongest or most convincing
character, was sufficient to warrant the verdict, and this court
will not overrule the discretion of the trial judge in refusing to
set it aside.                              *Judgment affirmed.*

February 14, 1896.

Indictment for arson.   Before Judge Fish.   Lee su-
perior court.   November term, 1895.

*J. F. Watson, H. Beazley* and *L. J. Blalock,* for plain-
tiff in error.   *J. M. DuPree, solicitor-general,* and *J. W.
Walters,* by *Anderson, Felder & Davis,* contra.

---

LEGGETT v. THE STATE.

*Lumpkin, J.*—1. The presumption being that the magistrate
reduced to writing the statement made by the accused at his
commitment trial, and a witness present at that trial having
testified affirmatively that he thought this was done, and there
being no proof to the contrary, or that the written statement
had been lost or destroyed, parol evidence as to what the
accused stated was inadmissible. *Oliver* v. *The State,* 94 *Ga.*
83. When such evidence was offered, and objected to on the
proper ground, the court ought to have distinctly excluded it,
and not merely have remarked, "If that [the written state-
ment] is accessible, this evidence will be excluded."

2. The error above indicated requires the granting of a new trial,
because the evidence, at best, made out an exceedingly weak
and doubtful case against the accused.      *Judgment reversed.*

February 29, 1896.

Indictment for arson.   Before Judge Sweat.   Pierce
superior court.   November term, 1895.

*Hitch & Myers,* for plaintiff in error.

*J. M. Terrell, attorney-general,* and *W. G. Brantley,
solicitor-general,* contra.