### 30139.   WILLIAMS *v.* THE STATE.

DECIDED SEPTEMBER 30, 1943.

*R. L. Addleton, Robert L. Evans,* for plaintiff in error.

*F. E. Strickland, solicitor-general,* contra.

MacIntyre, J. ■ One may kill to protect another from death or a felonious bodily injury, real or apparent, and may be justified. 1 Warren on Homicide, 791, § 161. Where the defendant is charged with an assault with intent to murder, in order to justify him for an assault with intent to kill, on the ground that he acted only in defense of another person who was merely a companion or stranger and a mere bystander, the following elements must concur and must be shown: (1) That the defendant was without fault. (2) That the person defended was actually without fault, or that it appeared to the accused, acting as a reasonable man under the circumstances, and in the belief that at the moment of his interposition the person defended was without fault. (3) That there existed at the time, either actually or so apparently as to lead a reasonable man to the belief that there actually existed, a present impending necessity to so act in order to save the person defended from the felonious injury. (4) There must have been no other reasonable mode of escape for the person defended. To illustrate: by retreating or avoiding the combat, if there was one. See *Mitchell* v. *State, 22 Ga.* 211, 235 (68 Am. D. 493) ; *Warnack* v. *State, 3 Ga. App.* 590, 596 (60 S. E. 288) ; 1 Warren on Homicide, 799, § 161; 5 Reid's Branson Instructions to Juries, 561

(79); Burkett v. State, 154 Ala. 19 (45 So. 682); *Gillis* v. *State,* 8 *Ga. App.* 696, 698 (70 S. E. 53); *Adams* v. *State,* 72 *Ga.* 85, 89; *Gossett* v. *State,* 123 *Ga.* 431, 435 (51 S. E. 394); Wharton on Criminal Homicide (3d ed.) 270, § 171 (10), citing *Irby* v. *State,* 32 *Ga.* 496; *Cloud* v. *State,* 81 *Ga.* 444, 450 (7 S. E. 641).

One phase of the testimony was to the effect that Britton approached Wyatt with a knife in his hand; that a man named Westmoreland said: "Don't cut that boy;" that Britton said that he had just as soon cut the accused as Wyatt; that the defendant had not done anything but tell Britton not to cut Wyatt; that thereupon the defendant struck Britton with the ax to keep him from cutting Wyatt; that the resulting wound was serious though not fatal, and Britton was carried to the hospital; that no "domestic relations" existed between the accused and the person defended; and that the defendant knew whatever provocation, if any, that either Britton or Wyatt had for engaging in the difficulty. The accused in his statement to the jury said that he was a mere bystander, and was no party to the difficulty; that he struck Britton with an ax; that he was "not mad;" that "he was just trying to save him [Britton] from killing Wyatt." Thus, under the defendant's statement and one phase of the testimony, the right of a mere bystander to interfere in a difficulty to prevent a felony was involved. There was a written request to charge on this subject. While the judge's charge could be said to cover the law of self-defense as it related to protecting the defendant himself from injury, and the law of self-defense by the accused, if he acted in concert with Wyatt in bringing about the difficulty, or made himself a party to it, or aided and assisted in bringing about the encounter between Britton and Wyatt, we do not think it distinctly covered the law as it related to the right of a mere bystander to interfere in a difficulty in order to prevent a felony by Britton upon Wyatt; and it was reversible error to fail to instruct the jury on this subject.

■ The rulings announced in headnotes 4-6 do not require elaboration.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*