30787.   WELLS *v*. THE STATE.

DECIDED MARCH 16, 1945.

*J. N. Rainey,* for plaintiff in error.

*Hope D. Stark, solicitor-general, Joseph D. Quillian,* contra.

GARDNER, J. ■ The general grounds and the special grounds are largely controlled by the one question, whether or not Wells and Hunter, who were apprehended and tried, and Willie Pope, who fled, acted with a common intent and purpose in a concerted action to make the attack upon Mr. Mogan Mooney and his family. If they did, there was a conspiracy between them. A conspiracy need not be specially pleaded, as counsel for the defendant contends. *Dixon* v. *State,* 116 *Ga.* 186 (8) (42 S. E. 357). And

the conspirators need not be indicted jointly. *Nelson* v. *State,* 51 *Ga. App.* 207, 211 (180 S. E. 16). A conspiracy may be proved by conduct, as well as by an express agreement. If the evidence shows that this defendant and James Hunter, or others, acted with a common intent and purpose in the attack on Mr. Mooney and his family, and that the things which were proved to have happened were within the scope of this common intent and purpose, it amounts to a conspiracy. Such being true, the act of one within the scope of the conspiracy and during its progress was the act of all. The court charged the jury the law fully as to what constituted a conspiracy, and the effect of it. From the evidence and the statements of the defendant here and James Hunter, the evidence is overwhelming that the defendant Wells, together with James Hunter, and probably Willie Pope, formed a conspiracy and did waylay and attack Mr. Morgan Mooney and his family while Mr. Mooney's car was traveling upon the public highway. We can not easily comprehend, under the record of this case, how it could be contended otherwise. In our opinion the jury were indeed kind to the defendant and his coconspirator. It does not matter at all which one of the conspirators threw the knife or the rocks, the act of one was the act of the other; the identity of the one who threw the knife or the rocks is immaterial. The defendant Wells and the defendant Hunter both admitted to the officers their presence at the scene, and in their statements admitted their presence at the occurrence. They further corroborated the evidence as to the third person by giving the name of Willie Pope, and sought to exonerate themselves from doing the overt acts of throwing the knife and the rocks by charging the fugitive Willie Pope as having been the one who did these overt acts. Counsel for the defendants seem to have proceeded on the theory that the State was bound to prove just which one of the culprits threw the knife and the rocks into the car, and did the other acts. To do this it is necessary to urge that there was no conspiracy. In this, as we have seen, under the great weight of the evidence, the argument falls. The general grounds are without merit.

■ Special ground 1 assigns error because the court charged on the law of direct and circumstantial evidence. The assignments of error are, first, that there was no evidence, direct or circumstantial, identifying this defendant as the one who threw the rocks or

the knife; and second, because all the evidence was direct and none circumstantial. We can not agree with either of these propositions. The evidence was circumstantial as to whether or not there was a conspiracy. We grant that it was so conclusive that it has the appearance of direct evidence, but nevertheless it stands largely on indirect evidence. The contention that all the evidence was direct and none circumstantial is likewise untenable, for the reason mentioned.

3. Special ground 2 assigns error because the court charged the law of conspiracy. This charge is assigned as error (a) because no conspiracy was alleged in the indictment; (b) there is no direct evidence that this defendant entered into a conspiracy; (c) there are no circumstances in the record against this defendant to prove a conspiracy. In his argument counsel cited *Branch* v. *State,* 5 *Ga. App.* 651 (2) (63 S. E. 714), and *Stevens* v. *State,* 8 *Ga. App.* 217 (3) (68 S. E. 874), in support of these contentions. We have read these decisions carefully and can not see that they in any wise support the contentions in this ground. We know of no law that a conspiracy need be charged in the indictment, and we have been cited to none, except where the act of conspiracy itself is made a crime. That is not true in this case. This ground is without merit.

4. Special ground 3 assigns error because the court charged on the law of admissions as applied to criminal cases. Error is assigned upon this charge on the ground that there is no evidence to support it. To this contention we can not agree. Both defendants admitted to the officers that they were there when the crime was perpetrated. To this extent it was an incriminating admission. The court properly so charged. This ground has no merit.

5. Special ground 4 complains because the court failed to charge on murder, manslaughter, and justifiable homicide, in a manner specified in this ground, and that the charge was erroneous. The court charged specifically and clearly that the jury must believe beyond a reasonable doubt that the assault was made with malice, with intent to kill, and with a weapon likely to produce death, before they could convict the defendant of assault with intent to murder. He then charged them that if they had any reasonable doubt as to whether or not the evidence showed this offense then they should inquire into the lesser offenses of assault and bat-

tery and stabbing. The three offenses charged in the indictment were assault with intent to murder, assault and battery, and stabbing. The instructions to the jury covered fully each charge in the indictment. This special assignment of error is without merit.

6. Special ground 5 complains because the court refused to give in charge a written request as follows: "In a case of assault with intent to murder the identification of the accused as the person who did the assault with intent to murder alleged is of paramount importance and should be established and proven to the jury's satisfaction and beyond a reasonable doubt." If it may be conceded that this request is not argumentative, the refusal to give it in charge was not error under the facts of this case. Counsel for the defendant seems to proceed on the theory that the State was bound to prove the identity of the conspirator who threw the rocks or the knife. It is not even suggested that none of the three, Wells, Hunter, or Pope, did the throwing. As we have endeavored to show in the first division of this opinion, there was a conspiracy, and if so, it is immaterial which one of the conspirators threw the knife or the rocks. The evidence shows conclusively that one of them did it during the conspiracy, and within its scope. This being true, the act of one was the act of the other. Therefore it becomes immaterial which one did the throwing. It necessarily follows, therefore, that it was not of paramount importance to identify the one who did it. This assignment has no merit.

7. Special ground 6 complains because the court admitted, over objections of the defendant, testimony to the effect that previous to the time of the incident, Mr. Morgan Mooney's wife usually met him at 11:30 o'clock, whereas on the night of the incident she met him at 9:30. We can not see that this could in any wise prejudice the defendant's case. It seems to us it was foreign to any issue; but equally as remote from any harm to the defendant's case. This ground has no merit.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*