## 31306. HART *v*. THE STATE.

DECIDED SEPTEMBER 24, 1946. REHEARING DENIED OCTOBER 17, 1946.

*A. S. Skelton,* for plaintiff in error.

*R. Howard Gordon, Solicitor-General,* contra.

BROYLES, C. J.   Brantley Hart was convicted of the offense of an assault upon Esscott Martin, with the intent to murder said Martin. Hart's motion for a new trial was overruled, and that judgment is assigned as error.

Upon the trial, the evidence for the State (the defendant failed to introduce any) authorized the jury to find the following facts: Martin was driving an automobile on a public highway; his wife and baby were with him in the car; he saw another car parked in the middle of the road, and blew his horn for the driver of the parked car to move it, so that he could get by it; the defendant and Jim Partain were in the parked car, and the defendant said, "I am going to kill the God-d-s-of-a-b- who blew a horn at me," and got out of the car and started walking up the road towards Martin. Martin replied, "I have my wife and baby with me and don't want any trouble with you." The defendant said, "I don't give a damn who is in there, you blowed a horn at me." Martin then, resenting the opprobrious language used by the defendant in the presence of his (Martin's) wife, struck the defendant and knocked him down. The defendant got up, and he and Partain were approaching Martin in a threatening manner, when Martin picked up a tire tool and hit the defendant on his head. The defendant and Martin then scuffled around for a while until Martin broke away and got behind his car. The defendant then began throwing rocks at Martin and Martin's car; Martin got in his car and, as he started to drive away, the defendant threw a rock through the window of the car and hit Martin's arm, his baby screamed, and Mrs. Martin cried out, "He has killed the baby." The baby was cut by shattered glass and there was a split place on its head. The rock thrown in the car was identified by Martin and was introduced in evidence, it weighed about two pounds and was a weapon likely to

produce death as employed by the defendant. A witness for the State testified that he saw the defendant soon after the trouble and asked him what had caused it, and the defendant said, "Because I throwed that God damned car full of rocks down there."

The defendant made to the jury the following statement: "I had a little trouble up on the hill, and I was drinking, and I don't know anything about it. I don't know what happened. I am sorry it all happened. I have always been a friendly man and thought a lot of him, and I am sorry it happened."

The jury were authorized to find from the evidence that the assault on Martin was unlawfully and maliciously made, with the specific intent by the defendant to kill Martin.

Special ground 1 is merely an elaboration of the general grounds. Special ground 2 is expressly abandoned in the brief of counsel for the accused.

Special ground 4 assigns as error the failure of the court to instruct the jury upon the law of voluntary manslaughter. There was no request for such a charge. In *Chandler* v. *State,* 54 *Ga. App.* 334(3) (187 S. E. 856), the court said: "The accused was indicted for and convicted of an assault with intent to murder, and the undisputed evidence showed that he shot the prosecutrix, the bullet going into her side and coming out of her abdomen. The court instructed the jury upon the law of assault with intent to murder, and upon the law of the unlawful shooting at another. Under these circumstances the failure of the court to charge upon voluntary manslaughter was not harmful to the accused, as the only possible beneficial effect to the defendant of such a charge would have been that it would have authorized a finding of an unlawful shooting at another. *Duhart* v. *State,* 18 *Ga. App.* 287 (89 S. E. 343)."

In the instant case the court instructed the jury upon the law of an assault with intent to murder and upon the law of an assault and battery, and the court's failure to charge upon voluntary manslaughter was not harmful to the defendant, as the only possible beneficial effect to the defendant of such a charge would have been that it would have authorized a finding of an assault and battery, and such a finding was already authorized under the court's charge upon an assault and battery.

In *Wells* v. *State*, 72 *Ga. App.* 199, 203 (33 S. E. 2d, 563), where the accused was convicted of an assault with intent to murder, this court said: "Special ground 4 complains because the court failed to charge on murder, manslaughter, and justifiable homicide, in a manner specified in the ground, and that the charge was erroneous. . The court charged specifically and clearly that the jury must believe beyond a reasonable doubt that the assault was made with malice, with intent to kill, and with a weapon likely to produce death, before they could convict the defendant of assault with intent to murder. He then charged them that, if they had any reasonable doubt as to whether or not the evidence showed this offense, then they should inquire into the lesser offenses of assault and battery and stabbing. The three offenses charged in the indictment were assault with intent to murder, assault and battery, and stabbing. The instructions to the jury covered fully each charge in the indictment. This special assignment of error is without merit." In the instant case, the offense charged in the indictment was an assault with intent to murder Esscott Martin, by hitting him with a rock, a weapon likely to produce death, and with malice and the intent to murder him. The only other offense involved under the indictment and the evidence was an assault and battery, and the instructions to the jury fully covered both offenses. The ground fails to show error.

The remaining special grounds assign as error certain excerpts from the charge of the court. None of those excerpts, when considered in the light of the charge as a whole and the facts of the case, shows cause for a reversal of the judgment denying a new trial.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*