### 33649. GRESHAM *v.* THE STATE.

404

DECIDED JULY 16, 1951.

*Leward Hightower, Guy R. Dunn,* for plaintiff in error.
*John J. Flynt Jr., Solicitor-General,* contra.

GARDNER, J. ■ The defendant does not insist upon the general grounds. In fact, the defendant states in his brief that without the testimony of the victim, the defendant's daughter, a part of which is objected to and whose credibility is assailed in the special grounds of the motion for new trial, "there would not be enough evidence in the case to sustain a verdict of guilty." This court has examined the evidence in the case carefully, but since the evidence might be different on another trial, we will not here discuss it.

■ In special ground 1 of the motion for new trial, error is assigned on the admission by the court, over the defendant's objection, of the testimony of the prosecuting witness on direct examination that she remembered the commitment hearing and told the same thing on the commitment hearing that she had just testified to on the trial in the superior court, and that her father, the defendant herein, did not deny the charges which she made against him on the commitment hearing while he was on the stand during such hearing, on the ground that the record of the commitment proceeding was the highest and best evidence and that parol evidence was not proper to show what was testified to at said commitment hearing.

It is provided by our Code relative to a statement made at a commitment trial that: "Whenever such statement is made, it shall be the duty of the court to reduce it to writing, and return it with the other papers to the proper court in the event of a commitment." Code, § 27-405.

In *Cicero* v. *State,* 54 *Ga.* 157, 158, the Supreme Court held: "If the defendant desired to make a voluntary statement, and did so, then it was the duty of the justice to reduce it to writing, and have returned it to court with the other papers," citing the present Code, § 27-405.

Again, in *Oliver* v. *State,* 94 *Ga.* 83 (21 S. E. 125), the court ruled that: "A statement made by the accused upon his commitment trial is admissible against him upon his trial in the superior court, but when such statement has been reduced to

writing as required by law, the writing is the highest and best evidence of what the accused did state." In the opinion the court said: "There can be no doubt that a statement made by the accused upon his commitment trial is admissible against him upon his trial in chief. *Dumas* v. *State,* 63 *Ga.* 600. But when such statement has been reduced to writing, as the law requires, the writing is the highest and best evidence. . . This court has decided definitely that when the magistrate has reduced the statement to writing, that paper is the highest and best evidence as to what the statement was. *Cicero* v. *State,* 54 *Ga.* 156; *Daniel* v. *State,* 65 *Ga.* 199." The text in Wharton Cr. Ev. (9th ed.) 667 states: "Where the prisoner voluntarily confesses before the examining magistrate, and where it is the duty of the latter to take the examination in writing, when such is done, the writing alone, if producible, is evidence of the confession, and the writing cannot be varied by parol proof."

The State did not show that this writing or a written report of the proceedings before the committing court were not available, nor that the proceedings were not taken down in writing, including the statement of the defendant. The State's counsel in his brief states that: "The statement of the defendant as well as the other testimony at the commitment trial was stenographically reported and the entire transcript of record was available to both the State and the plaintiff in error (defendant)."

Furthermore the presumption is that "the magistrate reduced to writing the statement made by the accused at his commitment trial, and a witness present at that trial having testified affirmatively that he thought this was done, and there being no proof to the contrary, or that the written statement had been lost or destroyed, parol evidence as to what the accused stated was inadmissible. *Oliver* v. *State,* 94 *Ga.* 83. When such evidence was offered, and objected to on the proper ground, the court ought to have distinctly excluded it, and not merely have remarked, 'If that (the written statement) is accessible, this evidence will be excluded?'" *Leggett* v. *State,* 97 *Ga.* 426. In *Oliver* v. *State,* supra, the Supreme Court ruled that, "The presumption being that the magistrate did his duty and reduced the statement to writing, parol evidence as to what the accused stated is, in the absence of proof that the statement was not

in fact reduced to writing, or that the same has been lost or destroyed, inadmissible.'" After quoting from Rex *v.* Jacobs, 1 Leach, Cr. Law 309—where it was said, "Parol evidence cannot be.given of the examination of prisoners taken before the magistrate; for it must be intended that it was put in writing, as the law requires"—the Supreme Court in the *Oliver* case then stated: "So we think the law is well settled, both as to the presumption that the magistrate did his duty in reducing the statement to writing, and that, in such case, the writing itself is the highest and best evidence of the prisoner's statement."

As stated, the State attempted to prove a state of facts where an admission would be implied that the defendant was guilty, in that the State sought to show by parol that the prosecuting witness in her testimony on the committal hearing made charges or accusations against her father, the defendant, that he had committed an assault with intent to rape upon her and that he did not deny these charges while on the stand making his statement at the commitment trial. The State endeavored to do this by parol when the presumption was, nothing to the contrary appearing, that this public official, the magistrate, had performed his duty under Code § 27-405 and reduced this statement to writing, and there was nothing tending to show that this statement had not been so reduced to writing or that the writing had been lost or destroyed, but on the contrary the solicitor-general in his brief for the State stated that the proceedings before the magistrate had been stenographically reported. Furthermore, the provisions of Code § 38-409 that acquiescence or silence, when the circumstances require an answer or denial or other conduct, may amount to . an admission, do not apply to a situation as shown under the facts in the present case. There is nothing to the contrary in *Kalb* v. *State,* 195 *Ga.* 544 (25 S. E. 2d, 24), *Cawthon* v. *State,* 71 *Ga. App.* 497 (31 S. E., 2d, 64), or *Emmett* v. *State,* 195 *Ga.* 517 (25 S. E. 2d, 9).

The record of the proceedings before the magistrate constituted the highest and best evidence of what transpired there, and it not only does not appear that such written report of these proceedings was unavailable, but it is admitted by the

State that the same had been written out, and was available.

It appears that the trial court committed reversible error in permitting the prosecuting witness to testify as complained of in special ground 1 of the motion for new trial.

■ The court did not commit harmful error, as complained of in special ground 2 of the motion for new trial, in refusing to allow the defendant to show the personal conduct of the witness after the alleged offense on October 22, 1950. The reputation of the witness after the alleged offense took place, was not admissible under the facts of this case. The fact that the witness had been committed to the Georgia Training School for Girls for improper personal conduct, all taking place after this offense, was not proper evidence under the facts of this case. And furthermore, the alleged error as complained of in this special ground will not likely occur on another trial.

■ The court did not err, as complained of in special ground 3 of the motion for new trial, in excluding the petition brought by the solicitor-general of said court to have the victim, a girl 15 years of age, committed to the Georgia State Training School for Girls, because she was incorrigible because of facts occurring after the alleged crime for which the defendant was committed. This petition was brought on April 28, 1951, and the alleged offense took place October 22, 1950, and the petition was relative to conduct on the part of the witness subsequent to the offense. The exclusion of this evidence was not error for any reason assigned.

■ Because of the error appearing in the second division of this opinion, and assigned in special ground 1 of the motion for new trial relative to the admission of parol evidence as to what was stated on the commitment trial, a new trial is granted.

*Judgment reversed. MacIntyre, P.J., and Townsend, J., concur.*