34570. CHAMBERS *v.* THE STATE.

TOWNSEND, J. 1. On the trial of the defendant under an indictment charging him with seduction of the prosecutrix by persuasion and promise of marriage, such prosecutrix being the only witness for the State, and her testimony being self-contradictory as to whether or not she

knew,. at the time of the alleged seduction, that the defendant was a married man, it is error to deny to defendant's counsel the. right to a thorough and sifting cross-examination as provided by Code § 38-1705. The court sustained an objection to questions asked the prosecutrix on cross-examination as to whether she did not make certain statements at a commitment hearing of the defendant, on a misdemeanor charge, contradictory to her testimony on the trial of the case, the objection being that there was higher and better evidence of the prosecutrix' testimony at the commitment hearing. Nothing in the record indicates that the testimony at the commitment hearing was reduced to writing. Code § 27-405 provides only that the defendant's statement shall be reduced to writing, and raises a presumption that such statement has been reduced to writing. *Oliver* v. *State,* 94 *Ga.* 83 (21 S. E. 125); *Gresham* v. *State,* 84 *Ga. App.* 403 (66 S. E. 2d, 255). But, as to witnesses, it was held in *Brown* v. *State,* 76 *Ga.* 623 (2): "For the purpose of impeaching witnesses, their testimony on the committing trial may be proved as well by one who heard it as by the notes or memoranda of the evidence taken by the court." See also *McKinney* v. *Carmack,* 119 *Ga.* 467 (1) (46 S. E. 719). The abridgement of the defendant's right to cross-examination of the prosecutrix is presumptively harmful and demands a reversal.

2. Where, on an indictment for seduction, the sole means alleged is "persuasion and promise of marriage," it has been held error to charge in its entirety the provisions of Code § 26-6001, which contains the words "or [by] other false and fraudulent means" without somewhere apprising the jury of the fact that the State relies for conviction upon proof of persuasion and promise of marriage only. *Joiner* v. *State,* 37 *Ga. App.* 487 (140 S. E. 799); *Barton* v. *State,* 51 *Ga. App.* 178 (179 S. E. 750). As this case is being reversed on other grounds, it is unnecessary to decide here whether the court made it clear to the jury that the State in this case relied for a conviction solely upon proof of persuasion and promise of marriage.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

Decided April 22, 1953.

*John H. Goddard, Robert H. Smalley,* for plaintiff in error. *John J. Flynt, Jr., Solicitor-General,* contra.