### 37886. TAYLOR *v.* THE STATE.

Townsend, Judge. 1. The evidence in this case, on an indictment of the defendant for the offense of assault with intent to murder, demands a finding that the defendant stabbed the prosecutor with a knife, the size of which is not shown but which, in the opinion of a medical witness, was not, in the manner in which it was used, a weapon likely to produce death. The defendant inflicted from four to seven wounds on various parts of the victim's body from the head to the thigh. The evidence is conflicting as to what immediately preceded the stabbing. From some witnesses it appears that the defendant made an unprovoked attack on the prosecutor with a knife. From others it appears that the prosecutor made an unprovoked attack on the defendant with a chair. From others it appears that there was a general melee. It is established that blows were exchanged within a filling station; that the prosecutor went outside; that the defendant then followed him outside, and that the men again "tangled", either before or after the prosecutor slipped and fell on a grease rack. One witness testified that the prosecutor stated he was going out to get his gun and kill the—and he then started for his car. There was evidence that each had used opprobrious language offensive to the other. Under these circumstances, had death ensued, a charge on the law of manslaughter, and of manslaughter as related to mutual combat, would have been authorized. *Bailey* v. *State*, 148 *Ga.* 401 (96 S. E. 862).

2. "Upon the trial of one accused of assault with intent to murder, where the evidence for the accused tends to show that there was a mutual combat between the parties, the law of manslaughter, as bearing upon the question whether the ac-

cused should be convicted of a lesser offense than that expressly charged in the indictment, is necessarily involved, and it is the duty of the judge, whether requested so to do or not, to charge the jury upon this subject, and a failure to do so is error." *Kimball* v. *State,* 112 *Ga.* 541 (1) (37 S. E. 886). To the same effect see *Cicero* v. *State,* 54 *Ga.* 156; *Usher* v. *State,* 89 *Ga. App.* 209 (79 S. E. 2d 15); *Swindle* v. *State,* 57 *Ga. App.* 197 (194 S. E. 883). The inclusion by the court in his charge of the law of justification and also of the lesser offense involved does not correct the error of omission from the charge of the law of manslaughter as related to mutual combat because (1) the charge on manslaughter in an assault with intent to murder case has no relation to justification, but only authorizes the jury to convict of a lesser offense which still leaves him unjustified, and (2) the charge of the lesser offense, whether stabbing, shooting at another, or assault and battery, fails to inform the jury what rules of law are applicable as a guide to them in arriving at such a verdict.

3. Insofar as cases previously decided by this court, including *Duhart* v. *State,* 18 *Ga. App.* 287 (89 S. E. 343), *Chandler* v. *State,* 54 *Ga. App.* 334 (3) (187 S. E. 856), *Reeves* v. *State,* 66 *Ga. App.* 150 (2) (17 S. E. 2d 299), *Williams* v. *State,* 70 *Ga. App.* 10 (4) (27 S. E. 2d 109), and *Hart* v. *State,* 74 *Ga. App.* 425 (39 S. E. 2d 723), hold that the failure to so charge in the absence of request is harmless where the court correctly charges the law of justification and also the lesser offense involved (whether stabbing, shooting at another, or assault and battery) these cases are in conflict with the rule of law set out in the second division of this opinion, and are accordingly overruled.

The trial court erred in overruling the first special ground of the motion for new trial.

*Judgment reversed. Felton, C. J., Gardner, P. J., Carlisle, Quillian and Nichols, JJ., concur.*

DECIDED OCTOBER 29, 1959.

*Arthur C. Farrar, Elie Holton,* for plaintiff in error.
*Dewey Hayes, Solicitor-General, E. R. Smith, Jr.,* contra.