38462. HAMPTON v. THE STATE.
38463. HAMPTON v. THE STATE.

FRANKUM, Judge. The plaintiffs in error are brothers who were jointly indicted for the murder of James Anthony. They were tried together in the Superior Court of Wilkes County and were convicted of the offense of voluntary manslaughter. Motions for a new trial were filed on general grounds and later amended to add one special ground. After the hearing the trial court overruled the motions for a new trial, as amended, to which ruling the defendants except and assign same as error. *Held:*

1. Though the evidence is conflicting, the jury believed the account testified to by the State's witnesses. There was sufficient evidence to authorize the conviction. *Allen v. State,* 20 Ga. App. 184 (92 S. E. 948); *Williams v. State,* 17 Ga. App. 724 (88 S. E. 215); *Holifield v. State,* 16 Ga. App. 250 (85 S. E. 81). See *Adler v. Adler,* 207 Ga. 394, 405 (61 S. E. 2d 824); *Bibb Cigar & Candy Co. v. McSwain,* 95 Ga. App. 659 (98 S. E. 2d 128).

2. The defendants complain of the court's charge as follows: "If you think, gentlemen, that one was protecting the other as his brother and then he came to his rescue to help him, why, gentlemen, I charge you that neither of the defendants would be guilty. A person has a right to help his own brother in his own fight where he is justified in so doing under the evidence. All of those are questions entirely for you to decide, gentlemen, from the evidence in this case." It

is contended that the charge does not measure up to the rule laid down in *Williams v. State,* 70 Ga. App. 10(2) (27 S. E. 2d 109). However, upon reflection, the charge given by the trial court is more favorable to the accused than the one framed within the rule insisted upon by the defendant. Actually, the rule insisted on by the defendants is one applicable to the intervention of a third party not related to the participants. Without ruling on the correctness of the charge, it is obvious that the defendant received the most favorable charge possible. The charge, in effect, directed that if the jury found that one brother was protecting his brother, neither would be guilty. A favorable charge, though incorrect, furnishes an accused no ground for complaint. *Durham v. State,* 138 Ga. 817(4) (76 S. E. 351).

*Judgments affirmed. Townsend and Carlisle, JJ., concur. Gardner, P. J., not participating.*

DECIDED OCTOBER 3, 1960.

*Colley & Orr,* for plaintiffs in error.
*J. Cecil Davis, Solicitor-General,* contra.