## 39674. WALKER v. THE STATE.

NICHOLS, Presiding Judge. The defendant, Inez Walker, was jointly indicted with Lacy Hampton and Johnnie Marsh Hampton for the murder of James Anthony. In a separate trial the codefendants were convicted of voluntary manslaughter. See *Hampton v. State*, 102 Ga. App. 511 (116 SE2d 649). In the present case the defendant was convicted

542

of voluntary manslaughter.  The defendant's motion for new trial, based on the usual general grounds and 2 special grounds, was overruled and error is now assigned on such judgment.  *Held*:

1.  While the evidence was in sharp conflict the verdict was authorized and the trial court did not err in denying the defendant a new trial on the usual general grounds.  See *Hampton v. State*, 102 Ga. App. 511, supra, and citations.

2.  "Conspiracy consists in a corrupt agreement between two or more persons to do an unlawful act, the existence of which agreement may be established by direct proof, or by inference, as a deduction from acts and conduct, which disclose a common design on their part to act together for the accomplishment of the unlawful purpose.  In this case the jury was authorized to find by reasonable deductions from the acts and conduct of this defendant and his coindictees that they corruptly agreed with each other to do the unlawful act for which they were jointly indicted; and that, while acting together, each aiding and abetting the other, they accomplished their unlawful purpose.  See, in this connection, *Chappell v. State*, 209 Ga. 701 (75 SE2d 417), and citations." *Fincher v. State*, 211 Ga. 89 (4) (84 SE2d 76).  The evidence as to the acts done by the defendant and her co-indictees authorized the charge on conspiracy and it is not necessary to allege conspiracy in an indictment before proof of conspiracy may be admitted in evidence.

3.  The charge on manslaughter, assigned as error in the second special ground of the motion for new trial, when considered with the remainder of the court's instruction on such subject, was not confusing or misleading to the jury, was correct as an abstract principle of law, and no further charge defining the charge given was necessary in the absence of a timely written request.

*Judgment affirmed.  Frankum and Jordan, JJ., concur.*

DECIDED SEPTEMBER 18, 1962.

*Walton Hardin*, for plaintiff in error.
*Kenneth E. Goolsby, Solicitor General*, contra.