## 44713. FRALEY v. THE STATE.

Evans, Judge. The defendant was indicted, tried and convicted of the offense of assault with intent to murder with hands and fists. He was sentenced to serve two years, and he appeals from the judgment and sentence. *Held:*

1. The conspiracy was established here by inference, as a deduction from the acts of all involved in the fight in which a number of individuals started hitting the victim, including the defendant—one of whom was using an umbrella—thereby showing a common design to act together in hitting and beating him, each aiding and abetting the other for the accomplishment of an unlawful purpose. *Woodruff v. Hughes,* 2 Ga. App. 361, 365 (58 SE 551); *Nobles v. Webb,* 197 Ga. 242, 245 (29 SE2d 158); *Chappell v. State,* 209 Ga. 701 (75 SE2d 417); *Walker v. State,* 106 Ga. App. 541 (127 SE2d 486); *Fincher v. State,* 211 Ga. 89 (84 SE2d 76); *Cook v. Robinson,* 216 Ga. 328 (5) (116 SE2d 742). The evidence was sufficient to authorize a charge of conspiracy, and there is no merit in the enumeration of error that the evidence did not authorize such a charge.

2. The evidence showed the victim was beaten severely by a number of individuals, including the defendant. There was testimony that the photographs, comprising the exhibits allowed in evidence over objection, were a true representation of the victim at the time they were made while he was in the hospital the day after he was beaten. Hence there is no merit in the enumeration of error that the exhibits did not correctly depict the injury inflicted upon the victim by the defendant.

3. Error is enumerated on the charge of the court wherein the court charged that there could be a probation sentence invoked for misdemeanor punishment, but then the court recharged the jury to disregard this instruction. Counsel complains in his enumeration of error and brief that this charge was similar to one as to clemency granted by the Pardon and Parole Board; and *Code Ann.* § 27-2206 (Ga. L. 1955, pp. 191, 192) prohibits counsel from arguing in the presence of the jury that the defendant may be given clemency by the executive branch of our government, that the same statute would apply to the situation here and the error was so harmful and prejudicial that it could not be corrected in this in-

stance. Although probation is a matter for the courts, the court instructed the jury to disregard this charge, thereby complying fully with defendant's request as to this point. This court cannot say, as a matter of law, that the defendant was harmed in any way by the handling of this matter in the lower court. Since no error is shown, this enumeration is not meritorious.

4. During the examination of a witness, the State asked the witness about the fact that the school had burned the night before the fight, and who had plead guilty to the burning of it. Objection was made to the evidence and that it be stricken, which was sustained. However, no motion was made for a mistrial and no request for the jury to be instructed further to ignore the question, the court having sustained the motion to strike and the solicitor having stated that he withdrew it. Since no reversible error is shown, this enumeration is without merit.

5. Since the fight began between the victim and another, and the victim states he struck the first blow, and then the others joined in, there was evidence from which the jury could have found lesser offenses than that of assault with intent to murder. The court did not err in charging on assault with intent to commit manslaughter. *Bailey v. State,* 148 Ga. 401 (96 SE 862); *Taylor v. State,* 100 Ga. App. 603 (112 SE2d 12).

6. While there was no direct testimony that the gang fight and beating of the defendant resulted directly from the refusal of the victim and his sister to take part in a march by a group of students, yet there was sufficient evidence of animosity to them on the campus because they refused to take part in the march, this was sufficient to show a motive for the beating, and as a part of the conspiracy to attack him. This enumeration of error is not meritorious.

7. While there is considerable evidence in the record to authorize the jury to have found the defendant not guilty, or guilty of a lesser offense, yet, since the jury in criminal cases is the arbiter of all conflicts, and having resolved such issues against the defendant, and there being evidence to support the verdict, the court did not err in rendering final judgment on the verdict.

8. Having considered every enumeration of error and having

found none sufficient to warrant overturning the verdict and judgment herein, the judgment is

*Affirmed. Pannell and Quillian, JJ., concur.*

SUBMITTED SEPTEMBER 12, 1969—DECIDED OCTOBER 2, 1969.

*James E. Peugh, Robert H. Herndon,* for appellant.
*George D. Lawrence, District Attorney,* for appellee.

*Affirmed. Pannell and Quillian, JJ., concur.*