SHAY *v.* THE STATE.

LEWIS, J.   There is no merit in any of the special grounds of the motion for a new trial; but as the testimony tending to connect the plaintiff in error with the commission of the crime was entirely circumstantial, and, though consistent with the theory that he was guilty, not sufficient either to show beyond a reasonable doubt that he was so or to exclude every reasonable hypothesis save that of his guilt, the conviction was unwarranted, and the trial judge should have granted a new trial.

*Judgment reversed.   All the Justices concurring.*

Submitted January 21,—Decided January 24, 1901.

Indictment for attempt of burglary.   Before Judge Henry. Floyd superior court.   December 18, 1900.

*Henry Walker,* for plaintiff in error.
*Moses Wright, solicitor-general,* contra.

---

KIMBALL *et al. v.* THE STATE.

112   541
Case 2
120   310
112   541
Case 2
125   304

SIMMONS, C. J.   1. Upon the trial of one accused of assault with intent to murder, where the evidence for the accused tends to show that there was a mutual combat between the parties, the law of manslaughter, as bearing upon the question whether the accused should be convicted of a lesser offense than that expressly charged in the indictment, is necessarily involved, and it is the duty of the judge, whether requested so to do or not, to charge the jury upon this subject, and a failure to do so is error.

2. A specific intent to murder is an essential ingredient of the crime of assault with intent to murder ; and where one is charged, as principal in the second degree, with assault with intent to murder, he can not be convicted unless it be shown that he not only aided in the act, but also participated in the murderous design.   Clark's Crim. Law, 89, 90.

*Judgment reversed.   All the Justices concurring.*

Argued January 21,—Decided January 24, 1901.

Indictment for assault with intent to murder.   Before Judge Felton.   Bibb superior court.   December 27, 1900.

*John R. Cooper* and *Herman Brasch,* for plaintiffs in error.
*Hope Polhill, solicitor-general,* contra.