## 2516. McLENDON v. THE STATE.

1. The defendant in a criminal case has fifteen days within which to serve the bill of exceptions. Civil Code, § 5540.
2. In the absence of a written request, the court did not err in failing to charge on the weight to be given to evidence of good character.
3. The credibility of the witnesses is a material matter in every case. Testimony which tends to show the interest or lack of interest of a witness is therefore relevant.
(a) In a prosecution for the illegal sale of intoxicating liquor, it was error for the court to refuse to allow the defendant to prove that the county commissioners of the county had offered a reward of $25 "to each person prosecuting to conviction or furnishing evidence to convict" any person in said county of the offense of the illegal sale of intoxicating liquor; and to refuse to allow him to prove by the prosecutor, who testified as a witness, and by the chief witness on whom the State relied, that they knew of the offering of this reward.

Accusation of sale of liquor; from city court of Brunswick—Judge Krauss. January 26, 1910.

Argued April 12,—Decided April 19, 1910.

*J. T. Colson,* for plaintiff in error.

*Ernest Dart, solicitor,* contra.

POWELL, J. Bertha McLendon was convicted of the illegal sale of intoxicating liquor. As to the evidence, it will be sufficient to say that while in a legal sense it was adequate to support the conviction, yet that the case was very close and doubtful. She filed a motion for new trial, on sundry grounds, which was overruled; and to this action of the court she brings error.

1. State's counsel has moved to dismiss the writ of error, on the ground that it was not served within ten days after it was certified. In civil cases (except those brought on fast bills) the law does require a bill of exceptions to be served within ten days after certification. In criminal cases, however, the time is fifteen days. Civil Code, § 5540. The bill of exceptions was served in time; and the motion to dismiss is overruled.

2. One of the complaints made in the motion for new trial is that although the testimony introduced by the defendant consisted largely of proof of her good character, the court, in charging the jury, made no reference to the effect of proving good character. There was no written request, however, and we do not think that the judge's failure in this respect constitutes reversible error. There is nothing peculiar about evidence of good character that

should cause the court to single it out and charge upon it, rather than upon any of the other evidence offered in the case.   He may do so if he desires, but, in the absence of a written request, there is nothing to require a charge on the subject.   Its sole relevancy is that it is one of the facts which may tend to make the defendant's guilt doubtful.

3.   The defendant offered in evidence a certified copy from the minutes of the county commissioners of Glynn county, showing that that body had offered a standing reward of $25 to any person who would prosecute to conviction, or who would furnish the testimony necessary to produce the conviction of, any person for violating the prohibition law; and also offered to prove that the State's chief witness and the prosecutor, who also testified as a witness, both knew of this reward.   The court repelled the testimony. We have no hesitancy in saying that this was error.   It is always, in every case, relevant to prove a witness's actual or probable interest or lack of interest in the result of the trial.   Compare *Union* v. *State, 7 Ga. App.* 27 (66 S. E. 24).   Perhaps in a case where the evidence of the defendant's guilt was plain, such an error would not necessarily require a new trial, but in a case like this it does.

*Judgment reversed.*