### 7372.  CASH v. THE STATE.

HODGES, J.  1. Dying declarations, made by a person in the article of death who is conscious of his condition, as to the cause of his death and the person who killed him, are admissible in evidence in a prosecution for the homicide. Penal Code, § 1026.

2. It not appearing that there was a timely written request so to charge, the court did not err in failing to instruct the jury that it was for the court in the first instance to determine whether the preliminary proof was sufficient to admit the dying declaration, but that the admission of such dying declaration was not binding on the jury, and was a question of fact to be passed on by it.

3. The court properly gave in charge to the jury section 73 of the Penal Code, and, in the absence of a timely written request, the failure of the judge to give in charge sections 70 and 71, on the subject of justification in the killing of another to prevent him from committing a felony upon the accused, was not error, under the facts of the case.

4. Where any fact or circumstance tends to show mutual combat or intention on the part of the accused and the deceased to fight, the court should charge the law of voluntary manslaughter. In this case the court did not err in so doing.                           *Judgment affirmed.*

DECIDED JULY 27, 1916.

Indictment for murder—conviction of manslaughter; from Newton superior court—Judge Smith. February 7, 1916.

*Rogers & Knox*, for plaintiff in error.

*George M. Napier, solicitor-general*, contra.