### 26599. DILLARD v. THE STATE.

BROYLES, C. J. The evidence for the State authorized the defendant's conviction of possessing whisky. No evidence was introduced by the accused; and his statement, denying that he knowingly was in possession of the whisky (which the evidence showed was in a glass which he held in his hand), was evidently rejected by the jury. The verdict having been approved by the judge, and the motion for new trial containing the general grounds only, the judgment overruling the motion must be
*Affirmed. MacIntyre and Guerry, JJ., concur.*
DECIDED JANUARY 7, 1938.

*R. Carter Pittman,* for plaintiff in error.
*J. H. Paschall, solicitor-general,* contra.

### 26624. SWINDLE v. THE STATE.

MACINTYRE, J. This being a case of assault with intent to murder, and the evidence for the accused tending to show that there was a mutual combat between the parties, the law of manslaughter, as bearing upon the question whether the accused should be convicted of shooting at another, a lesser offense than that expressly charged in the indictment, was necessarily involved; and it was the duty of the judge, whether so requested to do or not, to charge the jury upon this subject, and failure to do so was error. *Kimball* v. *State,* 112 *Ga.* 541 (37 S. E. 886); *Buchanan* v. *State,* 153 *Ga.* 866 (113 S. E. 87); *Cash* v. *State,* 18 *Ga. App.* 486 (89 S. E. 603); *Harris* v. *State,* 184 *Ga.* 382 (191 S. E. 439).
*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*
DECIDED JANUARY 7, 1938.

*Loeb C. Ketzky,* for plaintiff in error.
*William Y. Atkinson, solicitor-general,* contra.