31415. WHITE *v.* THE STATE.

Decided December 5, 1946. Rehearing denied December 18, 1946.

*Howard, Camp & Tiller,* for plaintiff in error.

*E. E. Andrews, Solicitor-General, Paul Webb, Hoke Smith, A. Walton Nall, Durwood T. Pye, James A. Branch,* contra.

Gardner, J. Horace P. White, was jointly indicted with Harley G. Flynn for assault with intent to murder. White was tried separately and found guilty of that offense. He filed his amended motion for a new trial, which was overruled, and he excepted.

■ As to the general grounds, the evidence for the State is in many particulars in sharp conflict with the statement of the defendant and the evidence in his behalf. There was State's evidence authorizing the jury to find that he made an attack upon R. M. Wallace with a knife, a deadly weapon in the manner in which it was used, cutting Wallace in the back of the head, rendering him unconscious, and necessitating his remaining in the hospital for approximately three weeks. The State's evidence shows that at just a short time before the defendant cut Wallace the defendant made the statement, "I will kill you. You betrayed my boys." The evidence for the State further showed that the wound was inflicted without mitigation or excuse.

The evidence for the defendant on the other hand showed justification and that Wallace was the aggressor. This made purely a question of fact for the jury. They resolved it against the defendant, and this court is without authority to interfere. In arguing the general grounds for the defendant, his able counsel contend that, since some of the State's witnesses testified that Wallace struck the first blow in the difficulty, and since the defendant's witnesses testified that both Wallace and the defendant had deadly weapons, knives, the proper construction for this court to put on the testimony is that they were engaged in mutual combat, as the law defines it, and therefore the defendant could not have been convicted of assault with intent to murder; thus inferring that, since death did not ensue, the defendant could have been convicted only of the lesser offense of stabbing. There was ample testimony for the State

to warrant the jury in finding that the defendant with malice and without mitigating circumstances made the assault on Wallace with intent to kill him, as alleged in the indictment. It must be remembered that the jury are the sole judges of the credibility of the witnesses, and clothed with this authority, they were authorized to believe those witnesses whom they thought most entitled to be believed. We can not agree with counsel for the plaintiff in this view concerning the general grounds. They are without merit.

■ Special ground 1 assigns reversible error because the court materially and erroneously and to the prejudice of the defendant restricted the cross-examination of Wallace. We have read the testimony objected to and the restrictions of the court in the light of the whole record of testimony, and we can not agree that a new trial should be granted for the reasons assigned in this ground. When we view the whole evidence of the witnesses for the State and those for the defendant, it is quite clear that the jury were well informed as to what caused the difficulty and what part both Wallace and the defendant played in the completed picture, as we view it in the background and light of the entire evidence. In coming to this conclusion, we wish to state that we have read with interest and benefit the excellent brief of counsel for the defendant, and have examined the numerous authorities cited to sustain their contentions, as follows: *Central of Georgia R. Co.* v. *Bagley,* 121 *Ga.* 781 (49 S. E. 780); *Shaw* v. *State,* 102 *Ga.* 660 (29 S. E. 477); *Wall* v. *State,* 126 *Ga.* 86 (4) (54 S. E. 815); *Bates* v. *State,* 4 *Ga. App.* 486 (61 S. E. 888); *Lloyd* v. *State,* 40 *Ga. App.* 230 (149 S. E. 174). "The scope of the cross-examination of a witness is not unlimited, but rests largely within the discretion of the judge." *Corley* v. *State,* 64 *Ga. App.* 841, 843 (14 S. E. 2d, 121). In our opinion the right of cross-examination under the Code, § 38-1705, was not substantially denied to the defendant. This ground shows no reversible error.

■ Special ground 2 assigns error because the judge failed to charge the principle of voluntary manslaughter as applied to mutual combat. It is conceded that he charged correctly the law of murder, the general law of voluntary manslaughter under the Code, § 26-1007, and the law of stabbing.

It might be well here to set forth the charge relating to the question before us. That part reads: "If you have a reasonable doubt

as to the defendant's guilt of the offense of assault with intent to murder, it would be your duty to acquit him, in so far as that offense is concerned. In that event, you would look to the evidence, giving the defendant's statement such weight and credit as you think it is entitled to receive, and determine whether or not the defendant is guilty of a lesser offense, that is the offense of stabbing. Manslaughter is the unlawful killing of a human creature without malice, either expressed or implied, without any mixture of deliberation whatsoever, which may be voluntary upon a sudden heat of passion, or involuntary in the commission of an unlawful act, or a lawful act without due caution and circumspection. In all cases of voluntary manslaughter there must be some actual assault upon the person killing, or an attempt by the person killed to commit a serious personal injury upon the person killing, or other equivalent circumstances to justify the excitement of passion and to exclude all idea of deliberation or malice, either express or implied. Our law provides that any person who shall stab another, except in his own defense, or other circumstances of justification, with a sword, dirk or knife, or other instrument of like kind, shall be punished as for a misdemeanor; provided that, if such stabbing shall produce death, the offender will be guilty of murder or manslaughter, according to the facts and circumstances of the case; or if such stabbing shall not produce death, but the facts and circumstances show it was the intention of the person stabbing to commit murder, the offender would be guilty of assault with intent to murder. If you believe, gentlemen, that this defendant did assault and stab the person named in the indictment, R. M. Wallace, in the manner therein charged, but that at the time of the assault the person assaulted was making some actual assault upon the defendant which was less than a felony, or was attempting to commit a serious personal injury upon the person of the defendant which was less than a felony, or there were other equivalent circumstances to justify the excitement of passion and exclude all idea of malice, either expressed or implied, and that the defendant assaulted R. M. Wallace, the person named in the indictment, under such circumstances that if death had ensued it would have been voluntary manslaughter, then you would be authorized to find this defendant guilty of stabbing. In other words, if you believe the defendant assaulted R. M. Wallace, the person named in the indictment, in the manner as

638

charged, by the use of a weapon, which in the manner it was used at the time was likely to produce death; but at the time of the assault the person assaulted was himself committing or attempting to commit a serious personal injury upon the defendant less than a felony, or that the circumstances were such as would be reasonably calculated to produce the same state of mind as would such an assault or attempt to commit a serious personal injury upon the defendant, which was less than a felony, and to justify the excitement of passion and exclude all idea of deliberation or malice, either express or implied, and the defendant assaulted R. M. Wallace, the person named in the indictment under such circumstances then, if death had ensued, it would be voluntary manslaughter and you would be authorized to find the defendant guilty of stabbing. Or, if death had ensued, it would have been unlawful, in your opinion, but without malice and without any mixture of deliberation whatsoever, but was upon a sudden heat of passion, and without intent to kill, it would have been voluntary manslaughter, and you would be authorized to find the defendant guilty of stabbing. If you believe, gentlemen, that the defendant did assault R. M. Wallace, the person named in the indictment, but the same was done in self-defense, or other circumstances of justification, or that at the time of the assault the person assaulted, that is, R. M. Wallace, manifestly intended or endeavored by violence or surprise to commit a felony on the person of the defendant, or that at the time of the assault the circumstances were such as to excite the fears of a reasonable man that R. M. Wallace, the person assaulted, was intending or endeavoring by violence or surprise to commit a felony or a serious personal injury on the person of the defendant, or that the circumstances were such as to excite the fears of a reasonable man, that a like or similar assault was intended or about to be committed upon the person of the defendant, and the defendant acted under the influence of those fears at the time of the assault, and not in a spirit of revenge, then it would be your duty to acquit the defendant."

We may agree with counsel for the defendant that the evidence as a whole was sufficient to authorize a charge on voluntary manslaughter as applied to mutual combat; and we may further agree that, under the evidence, had Wallace, the victim of the assault, died from the wound, and had the accused been on trial for murder,

and had the court failed even without a request to charge voluntary manslaughter as applied to the law of mutual combat, such failure would have been reversible error. *Cribb* v. *State,* 71 *Ga. App.* 539 (1) (31 S. E. 2d, 248). It must be kept in mind that murder, as well as assault with intent to murder, involves a killing or an attempt to kill with malice, whereas on the other hand voluntary manslaughter under either phase—a sudden heat of passion or irresistible passion under mutual combat—is based on the lack of malice and involves the taking or attempting to take human life without malice. In *Cargile* v. *State,* 137 *Ga.* 775 (6) (74 S. E. 621), the Supreme Court said: "'Although there may be mutual intention and agreement to fight, yet if one of the disputants kill the other with malice, it is murder.' *Freeman* v. *State,* 70 *Ga.* 736." See also *Dickens* v. *State,* 137 *Ga.* 523, 530 (8) (73 S. E. 826); *Rivers* v. *State,* 193 *Ga.* 133 (1) (17 S. E. 2d, 726). We are aware that there is a long line of decisions to the effect that on a trial for murder it is reversible error to fail to charge on the law of voluntary manslaughter as applied to the doctrine of mutual combat, notwithstanding that the court may read to the jury the law of voluntary manslaughter as embodied in the Code, § 26-1007. In our opinion there is quite a distinction in the procedure and requirements as to the State in a trial for murder and a trial for assault with intent to murder. In the former case, when the State proves the killing and the evidence introduced for that purpose does not show mitigation, then the burden of proving justification shifts to the defendant. This is not true in the trial of a case for assault with intent to murder. In the former situation, the law presumes intention to kill with malice after the homicide is so shown; but in the latter, that is, assault with intent to murder, there is no presumption whatsoever against the defendant. The burden is upon the State throughout to prove beyond a reasonable doubt the specific intent to kill with malice and with a deadly weapon in the manner in which it is used. We have read all of the decisions cited by counsel for the defendant and, where the verdict was reversed because the court failed to charge the law of voluntary manslaughter as applied to mutual combat, all save two involved convictions for murder. We will discuss those two later. We might say here that we have been unable to find any decision in this State, other than the two which we will discuss, where the defendant was

on trial for assault with intent to murder and found guilty of that offense, and where the case was reversed for a failure to charge manslaughter as applied to mutual combat. The first of the cases referred to as cited and relied on by the defendant is *Swindle* v. *State*, 57 *Ga. App.* 197 (194 S. E. 883). There the court said: "This being a case of assault with intent to murder, and the evidence for the accused tending to show that there was a mutual combat between the parties, the law of manslaughter, as bearing upon the question whether the accused should be convicted of shooting at another, a lesser offense than that expressly charged in the indictment, was necessarily involved; and it was the duty of the judge, whether so requested to do or not, to charge the jury upon this subject, and failure to do so was error."

The above is the full headnote decision. We have examined the original record in that case, and it appears that the evidence showed that the assignments were based upon a failure to charge voluntary manslaughter under the Code, § 26-1007 and specifically as applied to the principle of mutual combat. Indeed in that case, the court did not charge the law of voluntary manslaughter under either of its phases, nor the law of illegally shooting at another, the lesser offense. In fact, the court did not charge the lesser offense, when the record reveals that the evidence involved voluntary manslaughter under both theories. We think it safe to say that, under the facts of that case, if the court had charged the general law of voluntary manslaughter and also the lesser offense of shooting at another, there would have been no reversal—conceding the evidence to have been similar to the evidence in the instant case. The charge in that case is not at all similar to the charge in the instant case. Here the court in a trial of assault with intent to murder charged fully, as will be revealed, the law as to the offense of assault with intent to murder, voluntary manslaughter under the Code, § 26-1007, as well as the law of stabbing. In support of the *Swindle* case, supra, the court cited: *Kimball* v. *State*, 112 *Ga.* 541 (37 S. E. 886); *Buchanan* v. *State*, 153 *Ga.* 866 (113 S. E. 87); *Cash* v. *State*, 18 *Ga. App.* 486 (89 S. E. 603); *Harris* v. *State*, 184 *Ga.* 382 (191 S. E. 439). In all of the cases cited the trials were for murder except in *Kimball* v. *State*, supra. That is the only other case which we have been able to find or which has been called to our attention where the defendant was on trial for assault with in-

tent to murder, and where the case was reversed because the court failed to charge voluntary manslaughter as applied to mutual combat. We have examined the original record in the *Kimball* case. The evidence involved assault with intent to murder by shooting, and assaulting and beating. The trial judge in that case charged only on the law of assault with intent to murder and justification. The essential assignments of error in the amended motion were: 5th, that the court failed to charge the offense of shooting at another; 6th, that the court failed to charge voluntary manslaughter under the penal Code, § 65 (now Code, § 26-1007), and there was evidence of mutual combat; 7th, that the court failed to charge the lesser offense of assault and battery. In a note of the trial judge denying the motion for a new trial, he stated that it was true that he did not charge as contended in grounds 5, 6, and 7 of the motion for a new trial, but stated that, after having charged the jury fully as to assault with intent to murder, he gave them in charge: "That, if the jury believed the evidence did not show beyond a reasonable doubt the guilt of the defendants or either of them of the offense of assault with intent to murder that it would be the duty of the jury to acquit and discharge the defendants and find a verdict of not guilty as to such defendants." In passing upon the case of *Kimball* v. *State,* supra, Chief Justice Simmons said: "Upon the trial of one accused of assault with intent to murder, where the evidence for the accused tends to show that there was a mutual combat between the parties, the law of manslaughter, as bearing upon the question whether the accused should be convicted of a lesser offense than that expressly charged in the indictment, is necessarily involved, and it is the duty of the judge, whether requested so to do or not, to charge the jury upon this subject, and a failure to do so is error." Upon a careful reading of the court's opinion, in view of the record which we have set out in part immediately above, it will be readily discerned that the first headnote of that decision does not require a reversal in the instant case and is not authority for so doing. It will thus be seen that the assignments of error in the *Swindle* case and the *Kimball* case, supra, are quite different from those in the instant case. Since here the court charged clearly and fully, (a) the law of murder, (b) the law of assault with intent to murder, (c) the law of manslaughter under the Code, § 26-1007, and the lesser offense of stabbing, the jury thus ob-

tained a clear view of the case in all of its phases. And while it would not have been error to have charged on the law of voluntary manslaughter as incidentally involved by the evidence, under the record of this case, it is not reversible error to have failed to do so without a written request.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*