33677.   BREEDLOVE *v.* THE STATE.

DECIDED JULY 16, 1951.

*Custer & Kirbo*, for plaintiff in error.

*Maston O'Neal, Solicitor-General, J. Willis Conger*, contra.

GARDNER, J. ■ There is no merit in the contention that the defendant's conviction was unauthorized by the evidence in that it appeared from the facts that he did not in fact shoot this pistol, but that, during a tussle between Ryals, the defendant, and police officers Martin and Butler of the Bainbridge police force. Ryals, in trying to take officer Butler's gun, fired the same at officer Martin. Neither is the contention meritorious that the evidence did not support the defendant's conviction of an assault with intent to murder Amos Martin, because it appeared from the evidence that the defendant was resisting an illegal and unlawful arrest by said officer and at most only could be convicted of unlawfully shooting at another.

It appears from the facts in the record and before the jury that on November 11, 1950, the defendant was driving his automobile truck in an alley very slowly and talking to two other negroes; that the police officers, whose duties consisted of seeing about automobile accidents, heard one of the negroes say that the defendant had run into the automobile of one Bynes; that they asked the defendant to stop his truck, which he did

only after being asked the second time, but that when he stopped he said: "I think we can settle it back here," and officer Martin told the defendant to get out and asked him if he had been drinking; that the defendant said that he did not drink but the officer saw a sack and reached over to see what was in the sack and as he did, he turned his back toward the defendant momentarily, when the defendant knocked the officer's cap from his head hard enough so that same went some 12 feet or more; that when the officer turned around the defendant had his fists doubled up and was striking at him; that the defendant and the two officers engaged in a struggle, during which the defendant "fought like a wild man," until the defendant was subdued; that the officers took the defendant to the sidewalk and made him seat himself thereon while officer Martin went to the telephone and called for an automobile to come and get this defendant; that while he was gone, Ryals came up and he and the defendant endeavored to wrest officer Butler's pistol from him; that when officer Martin returned, the three of them were "tussling" on the sidewalk and the defendant was holding Butler, and Ryals had the pistol by the butt and officer Butler had hold of it also; that officer Martin entered into the fray and during this struggle the defendant was holding onto officer Martin when Ryals pointed the pistol toward officer Martin and fired the same twice. In these circumstances, it appears that the defendant assaulted these officers and was fighting them along with Ryals, and during this engagement, there was an attempt to shoot and kill officer Martin, and it appears therefore that the jury were authorized to find that this defendant was engaged in this assault along with Ryals and the jury were authorized in finding this defendant guilty, as charged.

The evidence did not show, as a matter of law, that the officers were making an illegal arrest of the defendant and that the assault with intent to kill officer Martin was made in resistance to such an arrest. In fact, the jury were clearly authorized to find that these officers did not seek to make an illegal arrest of the defendant, but when they desired to question him as to a traffic violation the defendant began fighting and assaulted the officers, and that the attempted arrest was for this disorderly conduct and fighting, which the officers had a right to do, and

there was no attempt to arrest him for any alleged traffic violation.

■ Special ground 1 of the defendant's motion for a new trial is expressly abandoned by the defendant's counsel in his brief in this court.

■ In special ground 2 the defendant contends that the trial judge erred in charging the jury that "if an attempt is being made to arrest one illegally and in resistance of that attempt to make an illegal arrest one kills an officer, he would be guilty of no higher offense than that of voluntary manslaughter" because the court did not charge in immediate connection therewith and in explanation thereof that the jury could find the defendant guilty of shooting at another. The defendant contends that the jury were "nowhere instructed as to what offense the defendant would be guilty of by shooting at an officer in resistance of an illegal arrest when the officer was not hit or killed." The defendant urges that in this case the defendant would be guilty of no higher offense than shooting at another, or what the result would be when, in resisting an attempt to make an illegal arrest, one shoots at an officer and fails to hit him, and that the charge complained of "while correct as an abstract principle of law, furnished no guidance to the jury in passing upon a charge of assault with intent to murder." The court in the charge as a whole instructed the jury that they could find the defendant guilty of shooting at another and also charged the jury as to an assault and battery. Under the charge of the court as a whole, the jury were fully instructed as to the proper finding for the jury to make if they should determine from the facts that the defendant was guilty of shooting at officer Martin in an attempt to resist an illegal arrest. While it would have been better for the court to have so charged, no prejudicial and reversible error appears from this ground. Under the facts appearing in this record, and particularly in view of the charge of the court as a whole, there is no ruling now made contrary to what was held in *Swindle* v. *State,* 57 *Ga. App.* 197 (194 S. E. 883), as to shooting at another, nor to the ruling made in *Taylor* v. *State,* 13 *Ga. App.* 715, 721 (79 S. E. 924), that the jury might find the defendant guilty of an assault.

■ In special ground 3 error is assigned by the defendant on

the failure of the court to instruct the jury that "if, in resisting an illegal arrest, the party seeking to avoid such arrest fires at the arresting officer with a gun and misses him, and such resistance is unnecessary to defend himself from an illegal arrest, the offense is no more than an unlawful shooting at another not in his defense and does not amount to an assault with intent to murder." There was no proper written request to make this charge. While this charge states a correct principle of law, it was embraced in the charge of the court as a whole.

■ There is no merit in special ground 4 that the court failed to charge the jury a definition of voluntary manslaughter in the language of the Code, or in substantially similar language so as to guide the jury upon the question whether the accused should be convicted of shooting at another. There was no request for such instruction. Besides, the charge of the court in its entirety sufficiently covered the principles of law involved here. The court, moreover charged the jury that if they were not satisfied from the facts that the defendant was guilty of an assault with intent to murder, they should acquit him thereof and address themselves to the question of whether the defendant might be guilty of a lesser offense embraced therein, such as shooting at another, and that if they were not satisfied under the evidence that the defendant was guilty of the offense of shooting at another that they could find him guilty of the offense of an assault and battery. No error appears from this special ground.

■ In special ground 5 the defendant insists that the trial court erred in failing to charge that: "Good character is a substantive fact like any other fact tending to establish the defendant's innocence and may be such of itself to create a reasonable doubt as to the guilt of the accused. When the guilt of the accused is made to appear to the satisfaction of the jury, they are authorized to convict, regardless of the good character of the accused, but the jury has a right to consider his good character which may of itself generate a doubt of guilt." There was no written request to so instruct the jury. The general rule is that in the absence of a proper written request therefor, timely presented, it is not error for the trial judge to fail to instruct the jury as to the effect of proof by the defendant of

his good character. *Scott* v. *State,* 137 *Ga.* 337 (3) (73 S. E. 575) ; *McLendon* v. *State,* 7 *Ga. App.* 687 (67 S. E. 846) ; *Brantley* v. *State,* 154 *Ga.* 80 (113 S. E. 200). This court has considered the case of *Seymour* v. *State,* 102 *Ga.* 803, 805 (30 S. E. 263), and similar rulings, but we do not feel that the circumstances appearing from the record in the present case are such as to bring the present case within the exception to the above general rule. No error appears from this amended ground of the motion for a new trial.

■ In special ground 6 error is assigned by the defendant upon the failure of the court to have charged the jury even without a request, "to the effect that if this defendant did not shoot at the prosecutor nor participate in the felonious design of the person who did shoot at him, but made an independent assault without any deadly weapon, unlawfully, but without any such intent to kill, then he would be guilty of assault and battery." The evidence authorized the jury to find that this defendant was present and participated in the felonious design, that is, the defendant assisted the other man, Ryals, in the assault on the officers and the subsquent shooting at officer Martin with intent to kill him, during the fighting. It would not be necessary, however, that there should have been any prearrangement between Ryals and the defendant Breedlove, before the transaction took place, that is, the shooting of the pistol at officer Martin with intent to kill that officer. See *Bolton* v. *State,* 21 *Ga. App.* 184, 187 (94 S. E. 95). This case is not like *Kimball* v. *State,* 112 *Ga.* 541 (37 S. E. 886), and similar cases. Here the jury were authorized to find that the defendant did particpiate in the felonious design. A conspiracy in criminal law is a combination or agreement between two or more persons to do an unlawful act, and this may be established by proof of acts and conduct as well as by direct proof or by agreement. See *Carter* v. *State,* 141 *Ga.* 308 (80 S. E. 995) ; *Weaver* v. *State,* 135 *Ga.* 317 (69 S. E. 488). No error appears from this special ground of the motion for new trial.

■ No error of law appearing from any of the special assignments of error, and it appearing that the verdict was supported and authorized by the evidence on the trial, the trial judge did

not err in denying the defendant's motion for a new trial, as amended.

*Judgment affirmed.    MacIntyre, P.J., and Townsend, J., concur.*