34908. USHER *et al.* v. THE STATE.

DECIDED NOVEMBER 24, 1953.

*Thos. J. Brown, Jr.,* for plaintiffs in error.

*Benjamin B. Garland, Solicitor-General,* contra.

GARDNER, P. J. The contention of the defendants is that the court erred in denying their motion for new trial as amended for the reason that, under the evidence presented, it appeared that there was a general fight in progress in the home of Coot Usher on the night of September 28, 1952; that this fight grew out of a dance that was in progress in the home of Usher, and in a short time appeared to be a regular melee, in which most of the persons in the house were engaged; that this was not a one-sided affair, but a free-for-all fight in which the two defendants and the victim, Luther McCollum, and several others were actively engaged and participating; and that therefore the court should have instructed the jury on the law of manslaughter as bearing on mutual combat. The court did not give this principle of law in charge to the jury, and the single assignment of error is based on the contention that, under the evidence (it appearing from the evidence that this was a free-for-all general fight), it was the duty of the trial judge, even without a request, to instruct the jury on "the law of manslaughter as relates to mutual combat."

Code § 26-1701 states: "Any person who shall stab another, except in his own defense or other circumstances of justification, with a sword, dirk, or knife, or other instrument of the like kind, shall be punished as for a misdemeanor; provided, that . . . if such stabbing shall not produce death, and the facts and circumstances show that it was the intention of the person stabbing to commit murder, the offender shall be guilty of an assault with intent to murder." The defendants were found guilty of an assault with intent to murder. Whether they were guilty of an assault with intent to commit murder or of stabbing depends upon whether the evidence establishes that they were motivated by malice or by passion. *Harrington* v. *State,* 70 *Ga. App.* 55 (27 S. E. 2d 352). See also *Burris* v. *State,* 2 *Ga. App.* 418 (58 S. E. 545).

Where there was evidence showing that the defendants and the victim and prosecuting witness, Luther McCollum, and several others, were engaged in a general free-for-all fight, in which one of the defendants, Charles Usher, and another participant, Melvin Ammons, and the prosecutor McCollum, all received cuts, it was error requiring the grant of a new trial for the court, even without a request, to fail to charge the jury on the theory of voluntary manslaughter as related to mutual combat or mutual intention to fight. See *Kimball* v. *State,* 112 *Ga.* 541 (37 S. E. 886); *Buchanan* v. *State,* 153 *Ga.* 866 (113 S. E. 87); *Harris* v. *State,* 184 *Ga.* 382, 390 (191 S. E. 439); *Tate* v. *State,* 46 *Ga.* 148. This being a case of assault with intent to murder by cutting and stabbing with a knife, and there being evidence showing that there was a mutual intention to fight and a mutual combat actually engaged in—there being a general free-for-all fight with knives and other sharp instruments—in which the defendants and others, including the prosecutor, engaged, and that others besides the prosecutor received cuts, the law of manslaughter as bearing upon whether the defendants could be convicted of stabbing, a lesser offense than that expressly charged in the indictment, was necessarily involved; and it was the duty of the trial judge to instruct the jury properly, with or without any written request. See *Swindle* v. *State,* 57 *Ga. App.* 197 (194 S. E. 883), and cit. The trial court erred in failing to charge the jury, as complained of in this special ground.

This case being reversed and a new trial granted to the defendants, this court does not pass upon the general grounds of the motion for new trial. Besides, there is no insistence by the defendants in their brief in this court on the general grounds, the defendants contending that the sole error complained of was the failure to charge the jury as complained of in the special ground added by amendment to their motion for a new trial.

Because of the error in failing to charge the jury as set up in the special ground, the trial court erred in denying the motion for a new trial as amended.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*