## 53451. CAGLE v. THE STATE.

SUBMITTED FEBRUARY 15, 1977 — DECIDED FEBRUARY 24, 1977.

*Ben Lancaster,* for appellant.
*Charles Crawford, District Attorney,* for appellee.

DEEN, Presiding Judge.

1. The constitutionality of Code Ann. § 26-1307 has been established. *Lanthrip v. State,* 235 Ga. 10 (218 SE2d 771).

2. The prosecutrix testified that the appellant threatened to "blow my head off and burn down both of my houses." Another witness for the state testified that she heard the appellant "cussing my mother and threatening to kill her and threatening to burn her houses down." The evidence for the state was sufficient. *Moss v. State,* 139 Ga. App. 136 (228 SE2d 30). The testimony of the prosecutrix was sufficiently corroborated. *Hornsby v. State,* 139 Ga. App. 254 (2) (228 SE2d 152).

3. The appellant objects to several elements of the trial judge's charge to the jury. While the jury instructions were not perfect, construed as a whole, the charge was complete, fair and not confusing. *Geter v. State,* 219 Ga. 125 (132 SE2d 30). There was no error in

the charge as given.

4. The appellant enumerates as error the trial judge's failure to charge without request several general legal principles dealing with "burden of proof" and "reasonable doubt." The charge as given was complete and included adequate instruction on the legal principles involved in a criminal case. Where the court's instructions as a whole embrace substantially a principle of which the defendant contends the court erred in failing to charge, there is no error requiring a new trial, particularly where no proper request is filed. *Breedlove v. State,* 84 Ga. App. 370 (66 SE2d 409).

*Judgment affirmed. Webb and Marshall, JJ., concur.*