### 57470. CHAMBLISS v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction of armed robbery of Wendy's Hamburger Place in Americus, Georgia, on July 19, 1978. *Held:*

1. The general grounds are enumerated as error.

Beverly Bryant, an employee of Wendy's, testified that at about 10:30 p.m., on July 19, two men came into the restaurant, one had a weapon. She recognized the tall man but did not know his name. She later found out his name was Tony Cunningham. Cunningham testified for the state and related that he and the defendant walked to Norris Jean Clark's house on the evening of July 19. The defendant informed Clark about the planned robbery and Clark agreed to drive them in her car. The three of them went to the defendant's house and he went in and came out with a rifle. Clark drove them to Wendy's and let them out. The defendant handed Cunningham the rifle and pulled a knife from his pocket. Both of them entered Wendy's and robbed it. They ran back to Clark's car and "drove around." Cunningham split the money he had taken with the defendant.

Clark's testimony confirmed Cunningham's version of the incident. She stated that the defendant came to her house, asked her to drive them. She agreed and took them to the defendant's mother's house where he picked up the rifle. She drove them to and from Wendy's in her car. After the robbery, she saw them count up the money taken and Cunningham gave the defendant $40.

The two accomplices corroborated each other as to the identity and participation of the defendant in the robbery. *Eubanks v. State,* 240 Ga. 544 (1) (242 SE2d 41). The evidence authorized the verdict. This enumeration is without merit. *Carter v. State,* 237 Ga. 617, 618 (229 SE2d 411).

2. Defendant enumerates as error the failure of the state to provide him with "any and all statements made prior to trial by key prosecution witnesses, Tony Cunningham and Norris Clark." The court stated that it had reviewed the file of the deputy sheriff and investigating officer, and found nothing "that is favorable to the defendant or exculpatory in any degree." The court also ruled that if "there is a substantial variation in the testimony of these people, such that, the statements in the prosecution file could be used for purposes of impeachment, why the court will certainly see that the statements are furnished to the defendant at that time . . ."

We find no prejudicial error. The court conducted an in camera inspection and stated that he would require production of the statements if the testimony of the key witnesses varied. Shortly after the direct examination of the witness Cunningham began, the court stopped the examination and ordered the counsel for defendant be furnished with a copy of the pre-trial statement of Mr. Cunningham. Counsel for defense made good use of the statement on cross examination in attacking the credibility of this witness.

The Supreme Court, in *Stevens v. State,* 242 Ga. 34, 36 (247 SE2d 838), held that a defendant was not entitled to a copy of a witness' statement who had been present during the commission of some of the offenses charged against him under Brady, "[n]or was he entitled to the statement under Code Ann. § 38-801 (g) . . ." The court emphasized that *Brown v. State,* 238 Ga. 98 (231 SE2d 65), "does not establish the general availability under Code § 38-801 (g) of witnesses' statements, and there has been no such decision by either of Georgia's appellate courts." Accord, *Barker v. State,* 144 Ga. App. 339 (241 SE2d 11). No prejudicial error appears here.

3. Defendant contends he "was denied due process of law after his arrest" and "was subjected to cruel and unusual punishment by being held incommunicado" in the county jail following his arrest for the period "July 27, 1978 until August 2, 1978." The brief enlarges upon this enumeration to claim defendant "was held incommunicado . . . in solitary confinement . . . was not able to notify [his] family or contact a lawyer."

"Incommunicado" is defined by Webster as — "without means of communication, also, in solitary confinement." Neither the record nor the transcript provides an evidentiary basis for this claim. The defendant's mother testified that after he was arrested in her home on July 27 — a Thursday, they would not permit her to talk to her son or visit him — even though she was there during normal visiting hours. However, she stated she was contacted by his "probation officer" on "[t]he Tuesday after he was arrested on Thursday." The probation officer wanted to know if she wanted a lawyer for her son. There is no evidence that the defendant was

placed in "solitary confinement" or that he was denied permission to call his family or call a lawyer.

Defendant argues that Mrs. Clark testified "she had been held in solitary confinement." Mrs. Clark testified that she had been placed in a cell by herself when she first was confined but when another woman was arrested they placed her in the cell with her. She also stated that she had been permitted to call her parents and did not ask to call a lawyer.

Further, defendant has shown no harm. " 'It is an old and sound rule that error to be reversible must be harmful.' " *Barnes v. State,* 145 Ga. App. 38 (3) (243 SE2d 302); *Dill v. State,* 222 Ga. 793 (1) (152 SE2d 741). Being held incommunicado for the purpose of extracting a confession from an unwilling inmate would have a bearing on its admissibility (see 29 AmJur2d 597-598, Evidence, § 545), but the defendant made no confession and the state did not attempt to offer any statement in evidence. In fact, the defendant failed to obtain a ruling from the court on this issue, even though it was argued. Accordingly, we find no merit in this enumeration.

4. We have examined the remaining enumerations of error and find them to be without merit.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

ARGUED MARCH 13, 1979 — DECIDED
APRIL 13, 1979.

*Fuller & McFarland, Millard D. Fuller,* for appellant.

*Claude N. Morris, District Attorney, Howard S. McKelvey, Jr., Assistant District Attorney,* for appellee.