### 34870. SPIVEY v. THE STATE.

JORDAN, Justice.

Ronald Keith Spivey was convicted for armed robbery and the murder of Charles McCook. He was sentenced to 20 years for armed robbery and life imprisonment for murder. His motion for new trial was overruled and he appeals.

The state's evidence as related by eyewitnesses and the appellant's testimony shows that appellant became involved in an argument with the victim over a pool game bet. The victim picked up a triangular pool rack and started toward the appellant, at which time appellant pulled his pistol and saying "you are going to die," shot the victim in the chest. After he fell to the floor, the appellant shot him again in the back, death resulting from the first shot. Appellant then shot a bystander who had started toward a telephone. He then reached in the death victim's shirt pocket and took a $20 bill which he claimed was owed to him on the bet.

The appellant then went to the nearby Zodiac lounge, announced that he had just killed three people, and asked the whereabouts of the tall blonde bartender. Upon being told that she was not working that night he stated that she should be thankful because he came in "to blow her brains out." He then ordered the bartender to give him the money in the register. When she hesitated, he reached in his coat pocket and the bartender after hearing "a click which sounded like the hammer of a gun" took some $150 from the register and placed it on the bar. After taking the money, appellant told the bartender to take the house phone off the hook and then walked over and pumped six shots into the pay phone.

Appellant testified that he left Macon and went to Columbus where he robbed a bar and shot two men. As a result of the escapade in Columbus, he was convicted and

sentenced to death for murder, two life sentences for armed robbery, twenty years for kidnapping, and two 10 year sentences for aggravated assault. These convictions and sentences, including the death penalty, were affirmed by this court in *Spivey v. State,* 241 Ga. 477 (246 SE2d 288) (1978).

1. Appellant's first enumeration asserts error of the trial court in failing to grant his motion for directed verdict as to the count of armed robbery on the ground that to do so "was against the weight of the evidence and without evidence to support it."

Likewise, his second enumeration asserts that the trial court erred in failing to grant his motion for directed verdict as to the count of murder on the ground that to do so was "contrary to the evidence and without evidence to support it."

The record shows that the state's evidence was overwhelming as to both counts, and whether measured by its weight or its sufficiency, was more than necessary to support a finding by a rational trier of fact that the appellant was guilty beyond a reasonable doubt. See *Hicks v. State,* 232 Ga. 393, 403 (207 SE2d 30) (1974) and *Peacock v. State,* 231 Ga. 644 (1) (203 SE2d 533) (1974). These two enumerations are without merit.

2. Appellant's third enumeration contends that the trial court erred "in failing to grant appellant's motion for new trial upon discovery that the state's main rebuttal witness had been deliberately uncooperative with defense counsel and in doing so had denied appellant his right to a fair trial."

The defense of insanity was raised at trial by the appellant and a considerable portion of the testimony concerned the mental and emotional status of the appellant. One psychologist and one psychotherapist testified that appellant was psychotic to some extent and one psychologist and two psychiatrists testified that he was not psychotic.

One of the psychiatrists was Dr. Carl E. Smith from Central State Hospital. Affidavits were filed with the court on the motion for new trial that Dr. Smith, after testifying at the trial, was heard to say to a co-worker something to the effect that the way to "get" appellant's

counsel was not to answer his questions. A juror made an affidavit that he relied on Dr. Smith's testimony, along with other witnesses, in reaching his verdict and that Dr. Smith's testimony played an "important part in my decision."

To counter these affidavits the state submitted an affidavit by Dr. Smith's co-worker that he considered Dr. Smith's statement to be "merely a joke and to have no serious meaning or application." Dr. Smith stated in an affidavit that "I answered questions put to me by both the State and the defense in a completely honest, truthful and forthright manner."

We note from the record that Dr. Smith had testified on direct examination that after his examination of the appellant he "didn't find that he had any serious mental disorders. In my opinion, when he was with us he functioned at the level of a personality disorder, which is not a psychosis and not an insanity," and further stated that he would diagnose him "as an anti-social personality."

We also note that defense counsel's cross examination of Dr. Smith, consisting of some 5 typewritten pages, was mainly directed to Dr. Smith's interpretation of the theories espoused by a Dr. Kletely in his book Mask of Insanity, which theories apparently are somewhat controversial in the psychiatric profession. There was no attempt to discredit the central diagnosis given by Dr. Smith on direct examination. Only once during this cross examination did defense counsel complain that Dr. Smith's answer to a particular question was unresponsive, whereupon the question was promptly answered.

Our review of the transcript and the affidavits submitted on the motion for new trial leads to the conclusion that the trial court did not abuse its discretion in refusing a new trial based on appellant's contention that Dr. Smith deliberately frustrated defense counsel's cross examination. The appellant has failed to clearly demonstrate harm or prejudice to himself under the facts of this case. *Chenault v. State,* 234 Ga. 216, II (2) (215 SE2d 223) (1975).

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 4, 1979 — DECIDED SEPTEMBER 6, 1979.

*R. Robider Markwalter, C. R. Cook,* for appellant.
*W. Donald Thompson, District Attorney, Willis B. Sparks, III, Assistant District Attorney, Arthur K. Bolton, Attorney General, William B. Hill, Jr., Assistant Attorney General,* for appellee.