## 36402. FARMER v. THE STATE.

HILL, Justice.

Defendant was convicted of murder of Ronald Kitchens and sentenced to life imprisonment. The evidence authorized the jury to find the following: Defendant had been at home drinking the afternoon and evening of July 9, 1979. His daughter and her husband, the victim, lived in an apartment next to him. When they returned home at about 10:00 p.m., Ronald Kitchens checked their mailbox. The defendant yelled, "Stay out of my mailbox, you all are in my mailbox all the time and I am tired of it."[1] It appeared from the testimony that at various times since her mother's death, Mrs. Kitchens and her two sisters had taken in their father's mail and had

---

[1] At trial, the defendant contended that he remembered nothing about a mailbox on the evening in question.

written checks for him at his request, primarily when he was drinking heavily.

Upon hearing the defendant's complaint, Ronald Kitchens went in the defendant's apartment to show him the mail was not his. The arguing continued and resulted in Ronald Kitchens slapping his father-in-law.[2] After hearing the slap, Mrs. Kitchens went into her father's apartment. She said to her husband, "Ronnie, please, it's not worth it, come home, ignore him, it's just not worth it." He responded, "Okay, I am coming home," and walked toward her. She had walked about fifty feet out of the apartment toward the garbage dumpster when she heard a "big bang." She returned to the apartment and saw her husband on the floor and her father with the gun in his hands.

Neighbors testified that immediately after the incident, they heard the defendant say that he shot the victim. In statements taken on the evening of the shooting, the next day, and in testimony at the trial, defendant claimed that Ronald Kitchens came into his apartment where he was sleeping on the sofa and hit him without provocation. He denied that they had been arguing. He claimed that Kitchens started to leave the apartment, then turned around and started toward Farmer before Farmer picked up the rifle. Defendant said that he fired the gun in self-defense when Kitchens' hands were only three feet from the barrel of the gun.

Expert testimony at the trial showed that the cause of death was a bullet fired from the defendant's gun and that tests showed that if the murder weapon had been fired at the victim from seven feet or less, there would have been powder marks or burns on the body or clothing of the victim. No such powder marks or burns were found.

Defendant raises two enumerations of error on appeal.

1. Defendant asserts the general grounds; i.e., that the evidence is insufficient to sustain the verdict of guilty of murder. Reviewing the evidence in the light most favorable to the jury's verdict, we find that a rational trier of fact could have found the defendant guilty of murder beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State,* 245 Ga. 89 (1) (263 SE2d 131) (1980).

2. Defendant asserts error in the failure of the trial court to charge involuntary manslaughter, Code § 26-1103 (b), as requested. Although the trial judge refused the charge on involuntary manslaughter, he did charge on murder, voluntary manslaughter,

---

[2]Both Mrs. Kitchens, a neighbor, and an officer testified that there was a bruise on Mr. Farmer's face.

and justifiable homicide, and the jury found Farmer guilty of murder.

Under Code § 26-1103 (b), "A person commits involuntary manslaughter in the commission of a lawful act in an unlawful manner when he causes the death of another human being, without any intention to do so, by the commission of a lawful act in an unlawful manner likely to cause death or great bodily harm." Defendant argues that within this definition, the lawful act was self-defense and the unlawful manner was excessive force. We disagree. The jury found against the defendant on the issue of self-defense (justifiable homicide). In *Crawford v. State,* supra, 245 Ga. 89, 94, we held that "It is not error to refuse a request to charge lawful act-unlawful manner-involuntary manslaughter, Code § 26-1103 (b), where the defendant asserts that he or she acted in self-defense by use of a pistol, rifle, or shotgun. . . A person who causes the death of another human being by the use of a gun allegedly in self-defense will not be heard to assert that although he or she used excessive force, death was not intended and the act was lawful. Although the defendant who uses a gun in self-defense is entitled to a charge on the law of self-defense, that defendant is not also entitled to a charge on the law of lawful act-unlawful manner-involuntary manslaughter on the theory that the use of the gun was unnecessary (i.e., the force used was excessive) . . . Where defendant uses a gun in self-defense in an 'unlawful manner,' he or she is guilty of a crime, reckless conduct, Code § 26-2910, and thus the act is not a 'lawful act' within the meaning of Code § 26-1103 (b)." *Crawford* at 94.

The trial court did not err in refusing to charge on involuntary manslaughter, Code § 26-1103 (b).

*Judgment affirmed. All the Justices concur.*

Submitted June 27, 1980 — Decided September 5, 1980.

*Daniel Kane,* for appellant.

*Lewis R. Slaton, District Attorney, Margaret V. Lines, Assistant District Attorney, Arthur K. Bolton, Attorney General, William B. Hill, Jr., Assistant Attorney General,* for appellee.