## 37247. APPLEBY v. THE STATE.

GREGORY, Justice.

The defendant was convicted of the murder of Lucille Brooks and sentenced to life imprisonment. The evidence at trial indicated the following facts:

On July 3, 1980, the victim visited the home of Grover Gillespie in Hall County. A number of neighbors had gathered at the Gillespie residence to drink liquor and watch television. Mr. Gillespie's wife was in the hospital and the victim had previously taken him a plate of food and some silverware. During this visit she took back a fork which had not been returned to her. Various witnesses testified at trial that, while the victim was looking for her fork in Mr. Gillespie's kitchen, the defendant attempted to "play with" the victim. The victim repeatedly asked the defendant to leave her alone. One witness testified that during this incident, the defendant drew a .22 caliber pistol from his pocket, but dropped it on the kitchen floor. The witness picked up the gun and took it into another room where guests were watching television. This witness testified that shortly thereafter the victim left the kitchen and went out on the front porch. The defendant then approached the witness and requested the return of his gun. The witness complied because he thought the defendant "was going home." The defendant then went out on the front porch. Other witnesses testified that the victim was holding the fork in her hand when she walked out onto the porch.

Witnesses testified that they saw the defendant "slap" or

"shake" the victim and heard him say, "old lady, you're going to make me kill you." The victim then raised the fork in her hand and warned the defendant not to strike her. The defendant took two steps backward, pulled his gun from his pocket and shot the victim in the head. The victim was killed instantly. Each of the State's witnesses testified that he was unaware of any quarrel between the victim and the defendant other than the victim's admonitions to the defendant to leave her alone.

Medical testimony indicated that the victim had been shot at a range of from six to twelve inches.

The defendant took the witness stand in his own behalf and testified that he had owed $4 to the victim, and that she had asked to be repaid on the day of the shooting. He stated that she became irritated when he informed her that he could not pay her back until the following day, and that she began nagging him to give her some money to buy whiskey. The defendant stated that he went out on the porch to get away from the victim, but that she followed him and told him she was going to "stick him with an ice pick." The defendant testified that the victim then reached into her blouse and pulled out "something silver" which he thought was an ice pick. He backed "six or seven feet away from her" and shot in self-defense.

The defendant was permitted to testify that the victim had a reputation for violence in the community and that she had threatened him with an ice pick on an earlier occasion.

(1) The defendant first argues that the evidence is not sufficient to support the jury's verdict. We have studied the record in this case and conclude, after reviewing the evidence in the light most favorable to the jury's verdict, that a rational trier of fact could have found the defendant guilty of murder beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); Crawford v. State, 245 Ga. 89 (263 SE2d 131) (1980); Driggers v. State, 244 Ga. 160 (259 SE2d 133) (1979); Spivey v. State, 244 Ga. 114 (259 SE2d 60) (1979).

(2) The defendant next contends that the trial court erred in refusing his written request to charge involuntary manslaughter under Code Ann. § 26-1103 (b). The trial court charged the jury on self-defense, voluntary manslaughter and murder. The jury rejected the defense of self-defense and found the defendant guilty of murder rather than voluntary manslaughter.

There are two types of involuntary manslaughter, each involving the commission of an act which unintentionally brings about the death of another human being. Code Ann. § 26-1103.

Code Ann. § 26-1103 (b) provides that "A person commits involuntary manslaughter in the commission of a lawful act in an

unlawful manner when he causes the death of another human being, without any intention to do so, by the commission of a lawful act in an unlawful manner likely to cause death or great bodily harm."

The defendant urges that a charge on involuntary manslaughter under Code Ann. § 26-1103 (b) is authorized in this case because he unintentionally caused the death of the victim through the commission of a lawful act (defending himself) in an unlawful manner (the use of excessive force). We disagree.

In *Crawford v. State,* 245 Ga. 89, supra, at p. 94, we stated:

"It is not error to refuse a request to charge lawful act-unlawful manner-involuntary manslaughter, Code § 26-1103 (b), where the defendant asserts that he or she acted in self-defense by use of a pistol, rifle or shotgun ... [T]he deadly force of a gun is known to all. A person who causes the death of another human being by the use of a gun allegedly in self-defense, will not be heard to assert that although he or she used excessive force, death was not intended and the act was lawful. Although the defendant who uses a gun in self-defense is entitled to a charge on the law of self-defense, that defendant is not also entitled to a charge on the law of lawful act-unlawful manner-involuntary manslaughter on the theory that ... the force used was excessive ... Where a defendant uses a gun in self-defense in an 'unlawful manner,' he or she is guilty of a crime, reckless conduct, Code § 26-2910, and thus the act is not a "lawful act" within the meaning of Code § 26-1103 (b)." See also *Farmer v. State,* 246 Ga. 253 (271 SE2d 166) (1980).

The trial court did not err in refusing to charge Code Ann. § 26-1103 (b).

(3) Last, defendant argues that the trial court erred in refusing his request to give a "general charge" on involuntary manslaughter. However, defendant has failed to support this enumeration of error by argument. Pursuant to Rule 45 of this court, we deem that it has been abandoned.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 14, 1981.

*J. Richardson Brannon,* for appellant.

*Jeff C. Wayne, District Attorney, Bruce Udolf, Assistant District Attorney, Arthur K. Bolton, Attorney General, Charles E. Brown, Staff Assistant Attorney General,* for appellee.