37778. McKENZIE v. THE STATE.

MARSHALL, Justice.

Robert Lee McKenzie appeals from his convictions of felony murder and aggravated battery, for which he was sentenced to life and 20 years' imprisonment, consecutively.

1. The following evidence was adduced at the trial. The murder victim, Eugene Maness, and his son, Ronald, investigated after Ronald had seen the appellant on the front porch of the weekend home of their neighbor, Mrs. Webber (who was not there at the time), and co-indictee Burke's car parked in front of the house. There had been recent burglaries in the neighborhood. When Eugene and Ronald drove up, the appellant was stepping off the porch of the

house, carrying a crow bar. In his statement to the police, the appellant admitted that he and Burke had both entered the house. When the appellant and Burke saw the Manesses arrive, they got into their car, whereupon the Manesses parked directly behind them. Although the testimony as to the details of the ensuing events is in conflict, it appears that Eugene, armed with a .357 magnum revolver, got into a gunfight with Burke, armed with the appellant's .44 magnum pistol, resulting in the wounding of Ronald and the fatal shooting of Eugene in the forehead at point-blank range. The appellant and Burke were then seen driving through the neighborhood at a high rate of speed, laughing and waving their arms.

Mrs. Webber testified that her house had been broken into and was in disarray. The appellant's statement indicated an awareness that a TV stand in the burglarized premises had no TV on it at that time. He admitted the details of the shooting, including that, when the victim was in the process of making a citizen's arrest, before any gunfire occurred, he had tried to grab the pistol held by the victim, giving Burke time to exit his car and commence firing with the appellant's pistol, which the appellant had purchased that morning; that Burke "got lucky" and hit the victim in the head; and that he and Burke had fled immediately thereafter without rendering aid to the two shooting victims.

The foregoing evidence supports the jury's verdict under the current legal standard. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hardy v. State,* 245 Ga. 272, 280 (264 SE2d 209) (1980); *Whitaker v. State,* 246 Ga. 163, 168 (269 SE2d 436) (1980). Enumerated errors 1 and 26 are without merit.

2. The appellant concedes that the trial judge's denials of his motions — for bail, additional peremptory strikes, sequestration of the jury, daily transcripts of his co-indictee's concurrent but separate trial, and supersedeas bond — were within his discretion, but argues that the total effect of these adverse rulings was to deny him a fair trial. No abuse of the trial court's discretion appears, and we cannot say that the appellant was denied a fair trial. Enumerated errors 2, 6, 7, 11 and 32 are without merit.

3. The appellant contends that his indictment was defective in that it was based upon an overly broad statute. However, we decline to reverse *Baker v. State,* 236 Ga. 754, 755 (225 SE2d 269) (1976), which held the overbreadth of the felony-murder statute to be a policy, rather than a Constitutional, problem.

He further contends that, since his guilt was predicated upon his participation as a mere party to the crime, the state should be required to allege the crime with more specificity. This is not required. See *Wells v. State,* 72 Ga. App. 199 (1), (3) (33 SE2d 563)

(1945). Here, the jury was adequately charged on felony murder and on parties to a crime, which was sufficient. Enumerated error 3 is without merit.

4. The court did not err, as contended in the fourth enumerated error, in reserving a ruling on the appellant's motion for a change of venue, because of alleged inflammatory pre-trial publicity, until after the voir dire examination of jurors, since the attitudes of the prospective jurors had to be ascertained.

Nor was the denial of the motion an abuse of discretion, as urged in enumerated error 5. The pre-trial publicity, as shown in the record, is not inflammatory, so as to create an atmosphere in which a fair trial could not be held.

Neither was it error to refuse to exclude certain jurors who admitted having been exposed to the pre-trial publicity, as contended in enumerated error 15, where the court determined that the prospective jurors had not formed fixed opinions as to the defendant's guilt or innocence based upon reports in the news media. *Baker v. State,* 245 Ga. 657 (2) (266 SE2d 477) (1980).

5. It was not error to admit a tape recording, obtained by electronic eavesdropping equipment, of a pre-custodial conversation between the co-indictees and an undercover agent engaged in a "sting operation" for stolen goods, after the burglary, murder and aggravated battery but before co-indictees had been implicated therein — after a determination of voluntariness had been made and a proper foundation laid. See *Sanders v. State,* 246 Ga. 42 (2) (268 SE2d 628) (1980). This comes under the "one-party consent" rule. *O'Dillon v. State,* 245 Ga. 342 (2) (265 SE2d 18) (1980).

The contention that the taped statement improperly placed the appellant's character in issue, is without merit, as "[e]vidence, if otherwise admissible, does not become inadmissible because it incidentally put the appellant's character in issue." *Spencer v. State,* 236 Ga. 697 (4b) (224 SE2d 910) (1976).

Enumerated errors 8, 9, 20 and 23 are without merit.

6. The trial court did not err in overruling the appellant's motion to suppress certain evidence seized from his co-indictee's car, since he had no proprietary interest in the car, hence lacked standing to complain of the search. *Brown v. State,* 240 Ga. 274 (1) (240 SE2d 63) (1977). Moreover, no harmful error was shown where no evidence taken from the car was used against the appellant at his trial. Enumerated error 10 is without merit.

7. Denial of a continuance, because of the appellant's "agitated condition" and two alleged suicide attempts, was not an abuse of discretion where he was diagnosed as legally sane and not psychiatrically disturbed, although depressed. Although it is

contended that the appellant was unable, because of his alleged condition, to assist trial counsel with the conduct of his defense, the record shows that he did, in fact, do so. Enumerated errors 12 and 13 are without merit.

8. The appellant's challenge to the array of the traverse panel not having been timely made when the panel was first put upon him, as required by law, enumerated error 14 presents no ground for reversal. *Goodwin v. Hopper,* 243 Ga. 193 (5) (253 SE2d 156) (1979) and cits.

9. The trial judge did not err, as contended in enumerated error 16, in asking two prospective jurors during voir dire to state their age; in questioning witnesses during a Jackson-Denno hearing; or in commenting as to the demeanor of the appellant, in response to similar comments by defense counsel.

10. No reversible error is shown by the prosecution's reference to the undercover taped conversations prior to the court's ruling on their admissibility, in light of our holding of their admissibility in Division 5, supra. Enumerated error 17 is without merit.

11. It was not an abuse of discretion to deny the appellant's request to reserve his opening statement until the close of the state's case. Moreover, no harm appears. Since he introduced no evidence during the trial, he had the right to open and conclude in closing. Enumerated error 18 is without merit.

12. Enumerated errors 19, 22 and 24 argue the cumulative effect of several adverse evidentiary rulings by the court. It was not error to permit Ronald Maness to exhibit his wounds to the jury, as the severity of his wounds was a material element of proof of the charge of aggravated battery. No harm was shown in curtailing cross-examination of a GBI agent, concerning the content of a booking report made when the appellant was arrested, where the appellant declined the court's offer to make the report itself available to the defense. Nor was it harmful to exclude defense counsel's affidavit concerning the number of times the appellant's conversation appeared on the undercover tape recording as opposed to the number of times of his co-indictee. The parties were clearly identified for the jury, which was capable of determining how often each one spoke.

13. It was not an abuse of discretion to decline to hold the appellant's custodial statement to have been involuntary merely because of his age and the possibility of capital punishment. The Jackson-Denno hearing revealed that full warnings were given the appellant prior to his making the statement; a waiver form was signed; no threats or promises were made; several legal theories concerning the appellant's participation in the crimes were explained

to him; and the appellant was informed that he was being interrogated with respect to a murder charge. Enumerated error 21 is without merit.

14. It was not error, as contended in enumerated error 25, to admit in evidence photographs of the murder victim's body at the scene of the crime and at the autopsy, and the bullet-ridden window of the murder victim's car. Although admittedly gruesome and possibly cumulative, they were admissible to illustrate testimony and to depict the extent, nature and location of the wounds. *Stevens v. State,* 242 Ga. 34 (5) (247 SE2d 838) (1978); *Lamb v. State,* 241 Ga. 10 (2) (243 SE2d 59) (1978).

15. Where defense counsel was present during the entire voir dire, yet failed to object to the trial judge's failure to qualify prospective jurors as to potential familial relation to the deceased victim — a ground for a challenge for cause under Code Ann. § 59-804 (4) — this was a waiver and/or induced error. *Stewart v. State,* 239 Ga. 588 (6) (238 SE2d 540) (1977). Moreover, no harm appears where the defense questioned the prospective jurors thoroughly on their knowledge of the victim and it is not shown that anyone who sat on the panel, or even anyone examined during voir dire, was related to the victim's family. Enumerated error 27 is without merit.

16. Enumerated error 28 — the refusal to give a requested charge attempting to explain the appellant's demeanor at trial — is without merit. It was logical for the jury to assume that the defendant's nervousness and anxiety were caused by his being tried for a capital felony. If his demeanor was particularly unusual or irrational, it could have been explained to the jury by defense counsel. The trial judge's charge to the jury need only include the law as applicable to the facts of the case. Moreover, no harm appears, as the jury had heard all of the comments of defense counsel, the prosecution, and the judge concerning the defendant's demeanor.

17. The trial judge substantially charged in his own words the appellant's requested charges on the issues of the presumption of innocence, felony murder, confessions, justification, and conspiracy, which was sufficient. Furthermore, he adequately charged and recharged the jury on the proper verdict form.

The requested charges on mutual combat, voluntary manslaughter, involuntary manslaughter, accident, the right to resist an illegal arrest, and exculpatory evidence, were not raised by the evidence in this felony-murder case in which the appellant-defendant defended on the ground that he was not an active participant in the underlying felony, the burglary. As to the requested charge on involuntary manslaughter, see *Farmer v. State,* 246 Ga. 253 (2) (271 SE2d 166) (1980) and cit.

It was harmless error to fail to charge on attempted burglary, which is a felony (Code Ann. §§ 26-1001, 26-1006) which could support the felony-murder conviction. It was also harmless error to fail to give the requested charge on hearsay where the objected-to testimony (the burglary victim's) concerned a fact that was amply corroborated by subsequent evidence and where the judge gave a limiting instruction to the jury.

In summary, the charge, taken as a whole, was not so defective as to require a reversal. The requests to charge which were omitted were either substantially given in charge or were not required under the evidence. Enumerated errors 29, 30 and 31 are without merit.

18. Enumerated error 32 — the denial of the motion for supersedeas bond pending appeal — is deemed abandoned by not having been argued.

*Judgment affirmed. Jordan, C. J., Clarke, Smith and Gregory, JJ., concur. Hill, P. J., concurs in the judgment and the opinion, except as to Division 11.*

DECIDED SEPTEMBER 23, 1981 —
REHEARING DENIED OCTOBER 14, 1981.

*T. Joseph Campbell,* for appellant.

*Darrell E. Wilson, District Attorney, Mickey Ray Thacker, Assistant District Attorney, Arthur K. Bolton, Attorney General, Michael R. Johnson, Assistant Attorney General,* for appellee.