## 63685. HOLBROOK v. THE STATE.

CARLEY, Judge.
On October 27, 1981, the state filed a petition alleging that appellant had violated the terms and conditions of his probation in that he did on September 9, 1981: (1) Possess with intent to distribute and did sell a counterfeit substance in violation of Code Ann. §

79A-811 (i) of the Georgia Controlled Substances Act: and, (2) have on his person and in his possession a firearm during the commission of a felony. At the conclusion of the hearing on the state's petition, the trial court revoked appellant's probation. He appeals.

1. Appellant filed a pre-trial motion for disclosure pursuant to Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). In addition, appellant filed a written request that the state produce: "3 (a) any and all statements made by [appellant], whether orally, in writing, or electronically recorded . . ." and "(b) any and all statements made by . . . the two other individuals arrested and charged at the time of the arrest of [appellant] whether orally, in writing, or electronically recorded . . ." Prior to commencement of the revocation proceedings, a hearing was held wherein the state denied the existence of any statements requested in paragraphs 3(a) and (b) of the notice to produce. The trial court conducted an in camera inspection of the state's files and found no exculpatory materials.

On appeal it is urged that the trial court erred in permitting a state's witness, the arresting undercover agent, to testify as to "statements" made by appellant and one of appellant's alleged accomplices on the ground that these "statements" were not disclosed under appellant's notice to produce. Review of the transcript reveals that the "statements" to which appellant refers were not the product of custodial interrogation. Rather, it appears that the "statements" of appellant's alleged accomplice are the substance of the preliminary negotiations between the accomplice and the undercover agent resulting in the sale of the counterfeit substances and the subsequent arrest of both the accomplice and appellant. The "statements" of appellant are utterances which he made at the scene of the "drug buy" and during events occurring prior to his being placed in custody.

"A *notice to produce* cannot be used to enable defense counsel to examine, in advance of trial or evidentiary hearing, the contents of the district attorney's file [Cit.] . . . [A] notice to produce cannot be used in a criminal case to require the production of the district attorney's work product; reports, memoranda and documents in the files of law enforcement officers; addresses and telephone numbers of the state's witnesses; or the names and addresses of other persons with knowledge of the facts . . . [W]itness statements are not subject to notice to produce, although exculpatory witness statements are subject to disclosure under Brady v. Maryland, supra. [Cits.]" *Wilson v. State,* 246 Ga. 62 (1) (268 SE2d 895) (1980). Accord, *Stanley v. State,* 153 Ga. App. 42 (3) (264 SE2d 533) (1980); *Holton v. State,* 243 Ga. 312 (2) (253 SE2d 736) (1979); *Chambliss v. State,* 149 Ga. App. 654 (2) (255 SE2d 120) (1979).

Applying the above stated principles to the facts of the instant case, it is clear that the state, in response to appellant's notice to produce, was not obligated to disclose what was said between the undercover agent and appellant's accomplice during the negotiation stages of the purported drug transaction. "The statements of witnesses in the prosecutor's files (nothing more appearing) may not be reached by Code Ann. § 38-801 (g) . . ., and to prevail on the basis of Brady v. Maryland, . . . , the appellant must indicate the materiality and the favorable nature of the evidence sought. [Cit.]" *Hamby v. State,* 243 Ga. 339, 340 (253 SE2d 759) (1979). After its in camera inspection, the trial court concluded that the state's files contained no exculpatory evidence. Appellant has failed to show that any of the evidence alleged to have been improperly withheld was favorable and material and that he was, in any manner, denied a fair trial. See *Dupree v. State,* 247 Ga. 470 (4) (277 SE2d 18) (1981).

While a defendant is entitled to have a copy of any statement given by him "while in police custody" (Code Ann. § 27-1302), the record in the instant case fails to indicate the existence of such a statement. Utterances made by appellant during the commission of, or in connection with, the crime charged do not constitute statements given "while in custody."

For the foregoing reason this enumeration of error is without merit.

2. In related enumerations of error appellant contends that the evidence was insufficient to authorize the revocation of his probation. "The cases are uniform in holding that 'the quantum of evidence sufficient to justify revocation of probation is less than that necessary to sustain a conviction in the first instance. [Cit.] Only slight evidence is required to authorize revocation [cit.] and where there is even slight evidence of misconduct, the appellate court will not interfere with revocation unless there has been manifest abuse of discretion.' [Cits.]" *Robinson v. State,* 154 Ga. App. 591, 593 (269 SE2d 86) (1980).

Even assuming that the only evidence as to appellant's possession of a firearm was non-probative hearsay testimony and, therefore, inadmissible, there was more than sufficient admissible evidence presented to support the trial court's finding that appellant was involved in the commission of the sale or distribution of a counterfeit substance in violation of Code Ann. § 79A-811 (i). *Fuqua v. State,* 142 Ga. App. 632, 634 (4) (236 SE2d 685) (1977). Contrary to appellant's contentions, the chain of custody of counterfeit substances purchased was sufficiently established to show with reasonable certainty that there had been no tampering or alteration. *Williams v. State,* 153 Ga. App. 421, 422 (3) (265 SE2d 341) (1980).

We find no abuse of discretion in the revocation of appellant's probation.

3. The final enumeration asserts, in essence, that the sentence imposed by the trial court failed to give appellant credit for time previously served. Upon a careful review of the record, we find this enumeration to be without merit.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED MAY 21, 1982.

*Ronald G. Shedd,* for appellant.
*F. Larry Salmon, District Attorney, Robert D. Engelhart, Assistant District Attorney,* for appellee.