65765. LEWIS v. THE STATE.

DEEN, Presiding Judge.

In September 1979 Henry Lee Lewis received a twenty-year sentence for burglary, to be served on probation subject to certain general and special conditions, those relevant to this appeal being that he report monthly to his probation supervisor, pay a fine in designated monthly installments, and refrain from violating the criminal laws of any governmental unit. The document captioned "Sentence of Probation" contained the language, "The sentence may be served on probation, provided that ... defendant complies with the ... general and special condition[s] herein imposed by the court ... ." Lewis signed two statements on this document which indicated that he understood and agreed to the conditions of the probation and was aware of the consequences of violating those conditions.

In August 1982 Lewis was arrested for selling marijuana to a GBI agent on two dates during the preceding July, in violation of the Georgia Controlled Substances Act, OCGA § 16-13-1 et seq. (Code Ann. §§ 26-9913, 79A-801 et seq., 79A-9905, 79A-9917, 79A-9918). On September 13 following, his probation supervisor, by and through the Dougherty County District Attorney, filed a petition for revocation of probation, alleging, in addition to the two marijuana sale charges, appellant's failure to report to his supervisor for a period of two years and his failure to make any payments at all on the court-ordered fine. On October 1 Lewis filed a discovery motion seeking exculpatory material pursuant to Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), together with a notice to produce certain documents, records, and papers. The motion bore the designation "Warrant No. 1929C and 1930C." A show-cause hearing on the discovery motion was held October 5, at which the district attorney waived presence and offered no evidence in opposition to the motion.

At the revocation hearing held October 7 the state presented the testimony of three witnesses: Lewis' probation supervisor, the GBI agent to whom Lewis had allegedly made the drug sales, and the State Crime Laboratory technician who had identified as marijuana the substance the agent had bought. Lewis, as sole witness for the defense, denied that he had sold the marijuana or had ever seen the

GBI agent prior to the arrest. He did not deny violation of the other two conditions alleged in the revocation petition. The court revoked the probation and ordered Lewis incarcerated. Five days later, on October 12, the court entered an order dead-docketing the "indictment" on the marijuana charges, which were identified as "Warrant #1929C/1930C." Two days later, on October 14, the trial court entered an order denying the discovery motion (designated as "No. 1929C and 1930C") and on the same date signed a certification of immediate review (also designated as "No. 1929C and 1930C").

Lewis sought an interlocutory appeal on the denial of the discovery motion, and this court has granted the appeal for the purpose of addressing the issue of whether Brady-type motions or production of documents are required under due process criteria for probation revocation hearings. Lewis enumerates as error the denial of his discovery motion; the court's failure to make an in-camera review of the state's files; the application of the allegedly constitutionally defective "slight evidence" standard; and the court's basing the revocation on allegedly insufficient evidence. *Held:*

1. In his third and fourth enumerations, which this court will first address, appellant contends that the evidence was insufficient to warrant revocation and argues cogently for application of a higher standard of proof than the "slight evidence" standard currently utilized in probation revocation hearings. He analogizes the revocation hearing to such civil proceedings as termination of parental rights, civil commitment, juvenile delinquency proceedings, and deportation and denaturalization hearings, wherein the standard is "clear and convincing" proof. The basis for appellant's thesis is that the probationer's right to liberty is at stake in a probation revocation hearing, just as this same right, or rights of equal significance, are at risk in the proceedings to which revocation is analogized.

In the instant case, however, we need not decide what is the appropriate standard of proof. Sufficient competent evidence in the form of testimony from the GBI agent, the probation supervisor, and the laboratory technician, was adduced at hearing to meet not only the "slight evidence" standard but the higher standard urged by appellant. See *Holbrook v. State,* 162 Ga. App. 400, 402 (291 SE2d 729) (1982). The probation supervisor's uncontroverted testimony regarding Lewis' non-compliance with the conditions requiring payment of the fine and regular reporting to the probation office were alone sufficient to warrant revocation under the express terms of the Sentence of Probation.

Moreover, the probation revocation petition served on appellant provided sufficient notice to have enabled him to produce

countervailing evidence regarding the marijuana charges, had such existed. He produced none. We find these enumerations without merit.

2. In a criminal case, in order to establish a due process violation based on denial of a Brady motion, the appellant has the burden of showing that any of the information allegedly withheld improperly was favorable to him, and that the withholding in any way denied him a fair trial. *Holbrook v. State,* 162 Ga. App. 400, supra; *Gross v. State,* 161 Ga. App. 489 (288 SE2d 733) (1982). See also *Hamby v. State,* 243 Ga. 339 (253 SE2d 759) (1979); *Barnes v. State,* 157 Ga. App. 582 (277 SE2d 916) (1981). Therefore, even were we to decide that the defendant in a probation revocation proceeding was entitled to certain criminal discovery procedures, including those of the Brady type, the result in this case would be the same since appellant here has failed to show "the materiality [or] the favorable nature of the evidence sought." *Hamby v. State,* supra at 340.

*Judgment affirmed. Banke and Carley, JJ., concur.*

Decided April 28, 1983.

*James H. Moore III, Jesse C. Stone,* for appellant.
*Hobart M. Hind, District Attorney, Britt R. Priddy, Assistant District Attorney,* for appellee.