## 41310. KELLER v. THE STATE.

(322 SE2d 243)

SMITH, Justice.

Appellant, Mark Keller, was tried and convicted before a Fulton County jury for the murder of Edward Howard Palmer. He was sentenced to life imprisonment. On appeal, he raises three enumerations of error. Finding no merit in these enumerations, we affirm.[1]

Just after midnight, on April 2, 1983, appellant and his girl friend went to the Jonesboro South Apartments to search for an apartment where he had previously bought marijuana. The search was not successful, but on the way out of the apartments they found a man willing to sell them a five dollar bag. When appellant pulled out his money to pay, the man grabbed a handful and ran.

Appellant followed the man back toward the apartments. Suddenly, the man reappeared with three or four other men. Appellant ran back to the car, and it would not start.

The men pulled appellant and his girl friend out of the car, took appellant's money, and began beating the girl. Appellant and the girl escaped to Sam's Tavern, where they called her mother. She picked them up, and they returned to the apartments to retrieve the car.

Appellant told the girl and her mother to wait in the car while he went to see if the men were still in the area. When he reached the stalled car, he took his gun from under the seat and began to search for the apartment where he had originally bought the marijuana. He found the apartment and knocked on the door.

When the door opened, a fight began and shots were fired. Appellant made his way to the kitchen where he shot and killed the victim. The people who had fled the apartments when shots were fired returned, beat appellant, and detained him until the police arrived.

Appellant testified that the resident of the apartment, who he knew only as "Maxine," had sold him marijuana. He claimed that he returned to her apartment to see if she knew who had robbed him. He stated at trial that the men who had robbed him were in the apartment, and that they closed the door on his head, forcing him to shoot in self-defense.

Others at trial testified that no one at the apartment had participated in the robbery. All of the people who had been in the apartment testified that appellant had burst into the apartment shouting, "Put the money on the table," and firing the pistol. They all stated at trial that the woman who lived in the apartment had never been

---

[1] The crime was committed on April 2, 1983. The Fulton County jury returned its verdict of guilty on September 29, 1983. Notice of appeal was filed on October 31, 1983 and the transcript of evidence filed on December 28, 1983. The record was docketed in this court on July 5, 1984 and submitted on August 17, 1984.

called Maxine, that she never sold anyone any marijuana, and that a woman named Maxine lived nearby in the same apartment complex.

1. We find that the evidence presented at trial could have entitled a rational trier of fact to find appellant guilty beyond a reasonable doubt of the murder of Howard Palmer. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant, in his first enumeration of error, asserts that the trial court should have ordered the state to provide him with the criminal records of the state's witnesses. He claims that the state has access to a crime information computer, and that fundamental fairness requires that the defense be given equal access to such a rich vein of impeachment material.

Here, the state was not in possession of any criminal records of its witnesses.[2] "The prosecution does not 'suppress' evidence by refusing to conduct a search for it, even though the evidence may be more accessible to the state than to the defense." *Hicks v. State,* 232 Ga. 393, 395 (207 SE2d 30) (1974). We find no error.

3. Appellant's second enumeration cites as error the trial court's refusal to charge the jury that it "must consider [appellant's] physical condition at the time the officers talked to him" when evaluating the validity of statements given by appellant to the police.

The record reveals that the discrepancy between appellant's testimony at trial and the statements given to the police is minor and the judge was clearly entitled to refuse the requested charge. Appellant's trial testimony actually supports the conclusion that appellant was rational and coherent at the time that he made the statements. We find no error.

4. Finally, appellant contends that the trial court erred in not charging the jury on the law of involuntary manslaughter under OCGA § 16-5-3 (b).

We have held that involuntary manslaughter under OCGA § 16-5-3 (b) is not available to a defendant who uses a gun in self-defense and kills as a result. *Appleby v. State,* 247 Ga. 587 (278 SE2d 366) (1981). Accordingly, the trial court did not err in refusing appellant's suggested charge.

*Judgment affirmed. All the Justices concur, except Hill, C. J. and Weltner, J., who dissent as to Division 2.*

DECIDED NOVEMBER 6, 1984.

*McAllister & Roberts, J. Dunham McAllister,* for appellant.
*Lewis R. Slaton, District Attorney, J. Wallace Speed, Benjamin*

---

[2] Because the state was not in possession of the requested material, Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963) does not apply here. *Hicks,* infra.

*H. Oehlert III, Assistant District Attorneys, Michael J. Bowers, Attorney General, Eddie Snelling, Jr.,* for appellee.

HILL, Chief Justice, dissenting.

I dissent to Division 2. I am unable to say, as does the majority, that with access to a GCIC computer terminal, the district attorney (not to mention "the State") does not have possession of the criminal records of the state's witnesses. In my view, using a computer terminal is not conducting "a search" for evidence; it is equivalent to examining a file previously compiled. I therefore believe the time has come, with access to witnesses' criminal records literally at its fingertips, to require the state, upon proper motion to turn over this information to the defendant. Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).