71067. HONRINE v. THE STATE.
(339 SE2d 768)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of the offenses of rape, aggravated sodomy and armed robbery. *Held*:

Defendant's appointed counsel filed a motion for appointment of expert witness. The trial court's order granting this motion provided for a "qualified Addictionologist" to be appointed at county expense and provided "that the results of such examination be made available only to the defendant's attorney." Subsequently, appointed counsel submitted a motion for leave to withdraw on the grounds that defendant has retained other counsel and was "no longer a pauper" and was not eligible for appointed counsel. The trial court thereupon granted

appointed counsel's motion for leave to withdraw. Shortly thereafter the trial court ordered that the former appointed counsel file with the court the report from the "Addictionologist" without divulging its contents to defendant and that defendant could obtain the report if he wished by reimbursing the county for the cost of the report.

Later, retained counsel filed a "Motion for Discovery" which included a request that the State produce copies "of all reports of any scientific tests or experiments or studies" made in connection with the case sub judice. Although the record reveals no specific request for a copy of the report of the "Addictionologist," defendant, relying upon *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215), contends that the trial court erred in failing to provide the report to him.

There is no provision of Georgia law providing for discovery in criminal cases. *Hicks v. State*, 232 Ga. 393, 395 (207 SE2d 30). The due process requirements stated in *Brady v. Maryland*, 373 U. S. 83, supra, and its progeny do not compel the prosecution to actively seek material which is not within its file in order to provide such to the defense. *Hicks v. State*, 232 Ga. 393, 395, supra; *Keller v. State*, 253 Ga. 512, 513 (2) (322 SE2d 243). Nor has defendant shown that the "Addictionologist" report contained anything favorable to him or that withholding it in any way denied him a fair trial. See in this regard *Lewis v. State*, 166 Ga. App. 428, 430 (2) (304 SE2d 531); *Holbrook v. State*, 162 Ga. App. 400, 402 (1) (291 SE2d 729); and *Dupree v. State*, 247 Ga. 470, 473 (4) (277 SE2d 18).

More to the point, perhaps is the simple fact that the "Addictionologist" report was available to defendant upon reimbursement of the State for the expense of acquiring the report. Defendant's indigent status having terminated, the economic burden of his defense reverted to him and any duty upon the State to bear the economic burden of acquiring the report came to an end. (See *Ake v. Oklahoma*, 470 U. S. __ (106 SC 1087, 84 LE2d 53); *Lindsey v. State*, 254 Ga. 444, 446 (1) (330 SE2d 563); and *Williams v. Newsome*, 254 Ga. 714 (334 SE2d 171) regarding the State's duty to provide psychiatric experts to indigent defendants.) We find no abuse on the part of the trial court in requiring reimbursement of the public funds as a condition to releasing the "Addictionologist" report to the no-longer-indigent defendant.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED JANUARY 13, 1986.

*Andrew J. Ryan III*, for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant*

*District Attorney*, for appellee.