## A89A0743. CALLOWAY v. THE STATE.
(381 SE2d 598)

DEEN, Presiding Judge.

Appellant Calloway was arrested for driving under the influence. The arresting officer testified that appellant's breath smelled of alco-

hol, that his eyes were glassy and his gait unsteady, and that he failed the two field sobriety tests administered. The officer concluded that under these circumstances appellant was a less safe driver because of this apparent alcohol consumption, placed him under arrest, read him his implied consent rights, and obtained his consent to a chemical test of his breath. After again being read his rights and signing an implied consent form, Calloway underwent an Intoximeter 3000 test, the results of which indicated a blood alcohol level of .17 grams percent.

A DeKalb County jury found appellant guilty on the charges of driving under the influence of alcohol and driving with an unlawful blood alcohol concentration. On appeal Calloway enumerates as error the trial court's failure to grant his motion in limine (which appellant denominated a motion to suppress) based on the State's alleged failure to prove that the intoximeter was accurately calibrated; and (2) the court's denial of his motion to dismiss, based on the State's alleged failure to produce certain documents that had been requested by the defense. *Held:*

1. Rule 570-9-.06 (8) requires the Director of the State Crime Laboratory to "cause each instrument used in the administration of breath tests to be checked periodically for calibration and operation and a record of the results . . . to be maintained." In *Sapp v. State*, 184 Ga. App. 527 (362 SE2d 406) (1987), this court cited the above rule and held, with regard to a challenge to the results of a breath test similar to that raised below: " 'There is a presumption of law that a public officer has done his duty, and his official duties will be presumed to have been done rightly until the contrary is shown. (Cit.)' [Cit.] Accordingly, there is a presumption in this and in all other cases arising under [the relevant Code sections] that the Director of the State Crime Laboratory has caused the instrument used to administer the breath test to be checked periodically for calibration." Id. at 529; accord *Holt v. State*, 181 Ga. App. 798 (354 SE2d 167) (1987). According to the record, appellant did not adduce sufficient competent evidence to overcome these presumptions. This enumeration is without merit.

2. Likewise without merit is appellant's second enumeration, inasmuch as "[t]he materials sought by appellant [e.g., maintenance records, police department logs] were not the types of items reasonably expected to be found in the 'custody' of the solicitor preparing the case against appellant." *Fletcher v. State*, 157 Ga. App. 707, 709 (278 SE2d 444) (1981). It would therefore be unreasonable to expect the prosecution to produce such materials for the defense, and it was not error for it not to do so. See *Hicks v. State*, 232 Ga. 393 (207 SE2d 30) (1974); accord *Honrine v. State*, 177 Ga. App. 490, 491 (339 SE2d 768) (1986).

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED APRIL 20, 1989.

*William D. Smith, Robert A. Danenberg*, for appellant.
*Ralph T. Bowden, Jr., Solicitor, N. Jackson Cotney, Neal R. Bevans, Assistant Solicitors*, for appellee.